809 P.2d 636

**Rosita JARAMILLO, Guardian of Lawrence Jaramillo, Plaintiff–Appellant,**

v.

**STATE of New Mexico, New Mexico State Highway Department, Board of County Commissioners for the County of Rio Arriba, and Rio Arriba Road Department, Defendants–Appellees.**

No. 12505.

Court of Appeals of New Mexico.

Jan. 10, 1991.

Certiorari Denied Feb. 14, 1991.

Narciso Garcia, Jr., Albuquerque, for plaintiff-appellant.

Bruce Herr, Montgomery & Andrews, P.A., Santa Fe, for defendants-appellees.

## OPINION

ALARID, Chief Judge.

On May 8, 1986, Lawrence Jaramillo was involved in a one-car accident on State Road 389 in Rio Arriba County. He was severely injured as a result. On May 1, 1989, almost three years after the accident, Rosita Jaramillo, the guardian of Lawrence Jaramillo, sued the State of New Mexico, the New Mexico State Highway Department, the Board of County Commissioners for the County of Rio Arriba, and the Rio Arriba Road Department, alleging that defendants negligently failed to maintain State Road 389 and that their negligent maintenance caused the accident and damages. Defendants moved to dismiss, arguing that the statute of limitations had run almost a year before the complaint was filed. Plaintiff filed an affidavit in response to the motion. In her affidavit, she indicated that she is the mother of Lawrence Jaramillo, that the injuries Lawrence suffered in the accident included brain damage, and that he was not competent to pursue his case within the two-year period after the accident.

Based on these facts, plaintiff argued that the Tort Claims Act statute of limitations, NMSA 1978, Section 41-4-15(A) (Repl.Pamp.1989), violated Lawrence Jaramillo's constitutional rights. Plaintiff pointed out that New Mexico law provides

two limitations periods, one applicable when the defendant is a governmental entity as defined in the state Tort Claims Act, *see* NMSA 1978, § 41–4–3(B) (Repl.Pamp. 1989), the other applicable when the defendant is a private party. Persons over the age of seven who are injured and rendered incompetent by governmental entities are given two years to file suit "regardless of minority or other legal disability." § 41–4–15(A). By contrast, persons who are injured and rendered incompetent by private tortfeasors are given three years to file suit, *see* NMSA 1978, § 37–1–8 (Repl. Pamp.1990), and the limitation is extended until one year from and after the termination of incapacity, *see* NMSA 1978, § 37–1–10 (Repl.Pamp.1990). Plaintiff contends this classification violates Lawrence Jaramillo's right to equal protection of the laws as guaranteed to him by the United States and New Mexico Constitutions. U.S. Const. amend. XIV, § 1; N.M. Const. art. II, § 18. In the alternative, plaintiff contends that the two-year time period is unreasonable, thus violating Lawrence Jaramillo's rights to due process of the laws as guaranteed to him by the federal constitution. U.S. Const. amend. XIV, § 1.

The trial court upheld the constitutionality of Section 41–4–15(A) and dismissed the complaint. Our calendar notices proposed to affirm the trial court. Plaintiff filed memoranda in opposition to both calendar notices. Defendants filed a memorandum in support of our proposed disposition. Not being persuaded by plaintiff's arguments, we affirm the trial court.

## EQUAL PROTECTION

### Standard of Review.

At the outset, we must determine the appropriate level of review to be applied to determine whether the statutory classification violates Lawrence Jaramillo's rights to equal protection. Plaintiff's arguments are based on the constitutional right of access to the courts protected by the due process and equal protection clauses of article II, section 18 of the New Mexico Constitution. *See Trujillo v. City of Albuquerque*, 110 N.M. 621, 798 P.2d 571 (1990); *Richardson v. Carnegie Library Restau-*

*rant, Inc.*, 107 N.M. 688, 763 P.2d 1153 (1988). In *Trujillo*, the supreme court answered a question left open in *Richardson* and rejected strict scrutiny analysis for these claims. Thus, we must determine whether plaintiff's claims should be analyzed under the heightened scrutiny standard of *Richardson* and *Trujillo* or the more traditional rational relationship standard.

Defendants argue that the constitutionality of the statute should be tested under the rational basis test, which has traditionally been applied in New Mexico to equal protection challenges to statutes of limitations. *See, e.g., Espanola Hous. Auth. v. Atencio*, 90 N.M. 787, 568 P.2d 1233 (1977); *Sena School Bus Co. v. Board of Educ.*, 101 N.M. 26, 677 P.2d 639 (Ct.App.1984); *Armijo v. Tandysh*, 98 N.M. 181, 646 P.2d 1245 (Ct.App.1981), *cert. denied*, 459 U.S. 1016, 103 S.Ct. 377, 74 L.Ed.2d 510 (1982); *Howell v. Burk*, 90 N.M. 688, 568 P.2d 214 (Ct.App.1977). Under this test, our supreme court and this court have upheld different limitations periods for governmental as opposed to private entities, *Sena School Bus Co. v. Board of Educ.*, and for different governmental entities, *Espanola Hous. Auth. v. Atencio.*

Plaintiff argues, in essence, that these cases are no longer good law. Specifically, plaintiff contends that *Trujillo* and *Richardson* require that we analyze the issue under the intermediate or heightened scrutiny standard adopted in those cases. We reject plaintiff's arguments and hold that the constitutionality of the statute must be analyzed under the rational basis analysis.

*Trujillo* and *Richardson* are both legally and factually distinguishable from the present case. In *Richardson*, plaintiff challenged the constitutionality of a statute that limited recovery against tavern keepers who violated the Dramshop Act, NMSA 1978, § 41–11–1 (Repl.Pamp.1986), to $50,000. The supreme court struck down the statute, holding, in essence, that limitations on the amount of damages that may be recovered against a particular class of defendants must be tested under an intermediate or heightened scrutiny analysis. In

so holding, the court acknowledged a constitutional right of full recovery in tort, which the court characterized as a substantial and important individual interest that is appropriately protected by heightened scrutiny analysis. 107 N.M. at 697, 763 P.2d at 1162. Subsequently, in *Trujillo*, the supreme court reaffirmed its commitment to intermediate scrutiny analysis in cases involving limitations on the amount of damages recoverable against particular defendants, but remanded the matter to the district court for trial on the issue of whether the limitation on damages recoverable against governmental entities under the Tort Claims Act is substantially related to an important governmental interest. Thus, factually both cases involve a limitation on the potential amount of recovery, rather than a limitation on the time to bring suit. Legally, both cases involve not simply the right of access to the courts, but a constitutionally protected right of full recovery in tort that is one aspect of the general right of access to the courts.

Plaintiff contends that *Trujillo* and *Richardson* invoke the heightened scrutiny analysis based on two factors: the sensitive nature of the class and the importance of plaintiff's interest. In order to bring her case within the ambit of those cases, plaintiff makes two subordinate arguments. First, plaintiff contends that the statute deprives a particular class of persons of their right to compensation on the basis of their mental incompetence. Second, plaintiff contends that statutes of limitation are similar to a limitation on the amount of damages because both implicate the right of access to the courts.

At the outset, we reject plaintiff's contention that Section 41-4-15(A) discriminates against Lawrence Jaramillo on the basis of his mental handicap. Viewed in context, the statutory scheme does not discriminate against Lawrence Jaramillo based on his mental incapacity: instead, it provides a shorter time period of mentally incapacitated persons to sue governmental entities than would be available if the suit were against a private party. In short, the statutory scheme classifies claims based on the character of the defendant, not the

mental incapacity of the plaintiff. *See City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Thus, we do not believe that the statute on its face implicates a sensitive class as that term is used in *Richardson* or *Trujillo*. We believe the significant classification based on the controlling statutes is a classification based on the nature of the defendants, whether governmental entities or private.

Moreover, we believe that plaintiff is reading *Trujillo* and *Richardson* much too broadly. Both cases involve a specific constitutional right to full recovery of damages. By contrast, plaintiff's claim does not involve the right to full recovery; instead, it involves the more general right of equal access to the courts. After carefully reading *Trujillo* and *Richardson*, we find nothing that specifically indicates that purely procedural matters impinging on the right of access to the courts must be analyzed under the heightened scrutiny analysis. On the contrary, *Richardson* specifically discusses *Espanola Housing Authority*, 107 N.M. at 694, 763 P.2d at 1159. Nothing in *Richardson* suggests that the court intended to overrule *Espanola Housing Authority* sub silentio. Accordingly, we decline to interpret *Richardson* and *Trujillo* to require heightened scrutiny analysis of statutes of limitation.

In short, we hold that plaintiff's equal protection challenge to the statute must be analyzed under the rational basis standard of *Espanola Housing Authority*.

IS THERE A RATIONAL BASIS FOR THE STATUTORY CLASSIFICATION?

■ Statutes of limitation are, as the name implies, purely creatures of statute. 51 Am.Jur.2d *Limitation of Actions* § 9 (1970). The purpose of a limitations period is to establish repose and, with respect to claims against the state, to protect the state's resources from stale claims. *Regents of Univ. of N.M. v. Armijo*, 103 N.M. 174, 704 P.2d 428 (1985).

Under rational basis analysis, the statutory classification is presumed valid, and plaintiff has the burden of showing that

there is no rational basis for the classification. *Richardson v. Carnegie Library Restaurant, Inc.; Espanola Hous. Auth. v. Atencio.* As our supreme court pointed out in *Richardson,* the inquiry is whether the classifications are based on real differences bearing a rational and proper relationship to the classification, rather than an artificial and irrelevant distinction. 107 N.M. at 694, 763 P.2d at 1159. In *Espanola Hous. Auth.,* the supreme court upheld the constitutionality of a statutory scheme that provided a shorter limitations period for suits against municipalities than suits against states and counties, citing the limitations on the ability of municipalities to raise taxes and other funds, coupled with the greater need for financial planning and control of potential liability. Similarly, in *Sena School Bus Co.,* this court upheld a shorter limitations period for suits based on contracts with governmental as opposed to private entities, because governments enter into a greater number of contracts.

We hold that the failure of Section 41–4–15(A) to provide a tolling provision for persons under a legal disability with claims against governmental entities does not violate the right of Lawrence Jaramillo to equal protection of the laws. The legislature could legitimately make this choice for two reasons. First, the legislature could reasonably be concerned that there are more claims against governmental than private entities, given the size and far-flung nature of state government operations. This directly increases both the burden of investigating potential claims and the danger of stale claims. Second, the lack of a tolling provision advances the state's interest in predicting and controlling its potential liabilities from year to year. Both of these are legitimate, rational distinctions that are directly related to the failure to provide a tolling period for persons who are mentally incapacitated.

Plaintiff does not appear to challenge the legitimacy of these interests; instead, plaintiff argues, in essence, that application of the statute would be unjust in this case because neither she nor Lawrence Jaramillo were aware that he could sue defendants until some time after the accident. Plaintiff argues that *Regents of Univ. of N.M. v. Armijo* holds that statutes of limitation will be interpreted literally so long as the interpretation does not result in injustice, absurdity, or contradiction. However, plaintiff's argument in this case establishes no more or less injustice than that suffered by any other person whose claim is cut off by the operation of the statutes of limitation. *Armijo* does not establish that this is sufficient injustice; on the contrary, in *Armijo,* the supreme court interpreted ambiguous language in the statute of limitations in a manner that cut off the plaintiff's claim.

In addition, plaintiff relies on *Gaston v. Hartzell,* 89 N.M. 217, 549 P.2d 632 (Ct. App.1976), in which this court indicated " '[w]e do not believe that the danger of spurious claims is so great as to necessitate the infliction of injustice on persons having legitimate claims *which were undiscoverable by the exercise of ordinary care* prior to the lapse of two years from the time of the act inflicting the injury.' " *Id.* at 220, 549 P.2d at 635 (quoting with approval from *Frohs v. Greene,* 253 Or. 1, 4, 452 P.2d 564, 565 (1969)) (emphasis added). *Gaston,* however, is distinguishable. In *Gaston,* the plaintiffs sued for misrepresentation of the size of a house that they purchased. This court held that the statute of limitations was tolled under the principles of fraudulent concealment and constructive fraud. We do not believe either of these doctrines assists plaintiff. In *Gaston,* the seller of the house had made an affirmative representation of the square footage of the house. In this case, the record does not support and plaintiff does not point to any affirmative representations made by defendants concerning Lawrence Jaramillo's right to sue, or any other facts that made his claims undiscoverable by the exercise of ordinary care.

## DUE PROCESS

Plaintiff contends Section 41–4–15(A) violates Lawrence Jaramillo's rights to due process of law because it requires filing the claim within an unreasonable period of time. We note, however, that the authorities cited in support of his argument

involve provisions requiring a plaintiff to file a notice of claim within thirty, sixty, or ninety days from the date of the occurrence giving rise to liability. *See, e.g., City of Miami Beach v. Alexander,* 61 So.2d 917 (Fla.1952); *Grubaugh v. City of St. Johns,* 384 Mich. 165, 180 N.W.2d 778 (1970); *Randolph v. City of Springfield,* 302 Mo. 33, 257 S.W. 449 (1923); *City of Waxahachie v. Harvey,* 255 S.W.2d 549 (Tex.Civ.App.1953). This court has previously recognized the ninety-day notice provision may, under some circumstances, violate due process. *Compare Tafoya v. Doe,* 100 N.M. 328, 670 P.2d 582 (Ct.App.1983) *with Ferguson v. New Mexico State Highway Comm'n,* 99 N.M. 194, 656 P.2d 244 (Ct.App.1982). However, Section 41–4–15(A) involves a time period of two years rather than ninety days. We believe that this is a reasonable period of time and thus does not violate plaintiff's rights to due process. In addition, plaintiff argues that the statute violates due process because it bars an incompetent person's right of action solely on the basis of the potential plaintiff's mental inability to comply with the provision. However, as we have pointed out above, the statute does not deny Lawrence Jaramillo a right to sue based on his mental disability, but rather on the lapse of time. Moreover, to the extent plaintiff contends that it is the principle rather than the specific period of time involved that controls, we disagree. We think that the short time periods involved in the cited cases are critical to the analysis.

Finally, plaintiff argues the trial court erred in rejecting her argument that Section 41–4–15(A) should be tolled during the time that Lawrence Jaramillo is incapacitated. However, the cases plaintiff relies on for this proposition are all distinguishable as resting on statutory tolling provisions. *See Klamm Shell v. Berg,* 165 Colo. 540, 441 P.2d 10 (1968); *Pannell v. Glidewell,* 146 Miss. 565, 111 So. 571 (1927); *Dumas v. Agency for Child Development–New York City Head Start,* 569 F.Supp. 831 (S.D.N.Y.1983); *Foster v. Allbright,* 631 S.W.2d 147 (Tenn.Ct.App.1982). The only exception is *McDonald v. City of Spring Valley,* 285 Ill. 52, 120 N.E. 476 (1918), which, as a matter of statutory construction, held that the running of a general statute of limitations would be tolled during minority. We decline plaintiff's invitation to read language into the statute that is not there. *See Davey v. Davey,* 77 N.M. 303, 422 P.2d 38 (1967) (court cannot read language into a statute that is otherwise clear). Plaintiff argues that the statute of limitations is unjust as applied in this situation, and therefore this court should fashion an equitable remedy. We believe plaintiff's argument is best addressed to the legislature.

For the reasons above given, the order of the trial court dismissing plaintiff's complaint with prejudice is affirmed.

IT IS SO ORDERED.

BIVINS and CHAVEZ, JJ., concur.