872 P.2d 388

**Gentry POWELL, Plaintiff–Appellant,**

v.

**NEW MEXICO STATE HIGHWAY AND TRANSPORTATION DEPARTMENT, Defendant–Appellee.**

**No. 14395.**

Court of Appeals of New Mexico.

March 4, 1994.

Certiorari Denied April 6, 1994.

Edward L. Chavez, David J. Stout, Carpenter & Chavez, Ltd., Albuquerque, for plaintiff-appellant.

Stephen S. Hamilton, Montgomery & Andrews, P.A., Santa Fe, for defendant-appellee.

## OPINION

DONNELLY, Judge.

Plaintiff appeals from orders granting summary judgment in favor of the New Mexico State Highway and Transportation Department (the Department), denying Plaintiff's motion for summary judgment and upholding the constitutionality of the notice provision of the Tort Claims Act, NMSA 1978, Section 41–4–16(B) (Repl.Pamp.1989). We address Plaintiff's claims that: (1) the Department had actual notice of his claim, and (2) the ninety-day notice provision of the Tort Claims Act violates Plaintiff's constitutional right of access to the courts. We affirm.

On August 1, 1991, Plaintiff was injured when the vehicle in which he was a passenger left the road and struck a blunt-edged guardrail installed and maintained by the Department. The guardrail penetrated the front of the vehicle and exited through the rear of the vehicle. Plaintiff's left leg was severed by the accident.

The police report of the accident indicated that the driver of the vehicle drove his van westerly on Reinken Avenue in Belen at a high rate of speed, crossed the center line, brushed the curb of the eastbound lane, overcorrected, and then drove over a sidewalk and struck a guardrail. The police report stated that "the guardrail traveled through the front of the vehicle and out the back hatch." The report also indicated that the driver had lacerations on his face and complained of abdominal pain; the right-front passenger had extensive injury to his left leg; and the rear passenger sustained head injuries. According to the police report, the factors contributing to the accident were: the speed of the vehicle, the driver's intoxication, and the manner in which the vehicle was driven. The police report did not refer to a road defect as the cause of the accident. The Transportation Statistics Bureau (Statistics Bureau) of the Department received the police report of the accident, although it is unclear when the report was received. Evidence presented by the Department indicated that the Statistics Bureau receives 65,000 to 70,000 accident reports per year.

On the day after the accident, Adan Salas, a maintenance foreman for the Department, stopped at the accident scene and spoke with a police officer who was investigating the accident. Salas stated in a deposition that the police officer told him that "a van went into the guardrail." Salas was uncertain whether the police officer had told him that the guardrail actually had penetrated the vehicle. Salas testified that he did not discuss with the police officer whether the occupants of the vehicle had been injured, or whether the accident might lead to a lawsuit.

Stephen Harris, the District Maintenance Engineer for the Department, also testified by deposition. He stated that a blunt-edged guardrail can be dangerous if it is struck on its end by a vehicle. When Harris was asked whether a blunt-edged guardrail, which penetrated a vehicle and injured someone, would suggest the likelihood of litigation, he responded equivocally, indicating that he would not be surprised if a person injured in such a manner would make a claim against the Department, but also stated that the mere fact that a guardrail was involved in an accident did not necessarily mean that litigation would result.

Plaintiff notified the Department of his intention to file a claim on March 19, 1992. His complaint was filed on May 26, 1992. The Department filed a motion for summary judgment claiming that Plaintiff did not provide timely notice under Section 41–4–16. Responding to the motion for summary judgment, Plaintiff argued that the Department had actual notice of his claim. Plaintiff also filed a motion for summary judgment contending that the ninety-day provision for notice under the Tort Claims Act is unconstitutional. The trial court granted the Department's motion for summary judgment and denied Plaintiff's motion.

## STANDARD OF REVIEW

"Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Roth v. Thompson,* 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992); *Trujillo v. Treat,* 107 N.M. 58, 59, 752 P.2d 250, 251 (Ct.App. 1988). In determining whether a genuine issue of material fact exists, the party oppos-

ing the motion for summary judgment must be given the benefit of all reasonable doubt. *Trujillo,* 107 N.M. at 59, 752 P.2d at 251. All factual disputes and inferences are construed in favor of the party opposing summary judgment. *Oldfield v. Benavidez,* 116 N.M. 785, 789, 867 P.2d 1167, 1171 (1994). We review the trial court's orders with these standards in mind.

## NOTICE

The Tort Claims Act requires that any person claiming damages from a governmental entity must, within ninety days of the occurrence giving rise to the claim, provide written notice to the governmental entity unless the governmental entity has received actual notice. *See* § 41–4–16(A) & (B). Actual notice to the governmental entity involves actual notice that litigation is likely to ensue, not simply actual notice of the occurrence or accident. *Dutton v. McKinley County Bd. of Comm'rs,* 113 N.M. 51, 53, 822 P.2d 1134, 1136 (Ct.App.1991); *Frappier v. Mergler,* 107 N.M. 61, 64–65, 752 P.2d 253, 256–57 (Ct.App.1988). *See generally* Donald M. Zupanec, Annotation, *Actual Notice or Knowledge by Governmental Body or Officer of Injury or Incident Resulting in Injury as Constituting Required Claim or Notice of Claim for Injury—Modern Status,* 7 A.L.R.4th 1063, 1066 (1981).

■ The purpose of the notice provision is to ensure that the agency allegedly at fault is notified that it may be subject to a lawsuit. *See New Mexico State Highway Comm'n v. Ferguson,* 98 N.M. 680, 681, 652 P.2d 230, 231 (1982); *see also City of Las Cruces v. Garcia,* 102 N.M. 25, 27, 690 P.2d 1019, 1021 (1984). The governmental entity that is to receive notice is "the particular agency that caused the alleged harm." *Ferguson,* 98 N.M. at 681, 652 P.2d at 231; *Smith v. State ex rel. New Mexico Dep't of Parks & Recreation,* 106 N.M. 368, 371, 743 P.2d 124, 127 (Ct.App.1987).

Section 41–4–16(B) provides:

No suit or action for which immunity has been waived under the Tort Claims Act shall be maintained and no court shall have jurisdiction to consider any suit or action against the state or any local public body unless notice has been given as required

by this section, or unless the governmental entity had actual notice of the occurrence. The time for giving notice does not include the time, not exceeding ninety days, during which the injured person is incapacitated from giving the notice by reason of injury.

Although Plaintiff concedes that he did not comply with the written notice requirement, he contends that the Department, nevertheless, had actual notice of his claim. He reasons that the Department had actual notice of his claim because of: (1) the information contained in the police report; (2) information derived from the conversation between Salas and the police officer investigating the accident; and (3) the Department's special knowledge concerning the hazards of blunt-edged guardrails. We consider each of these claims separately.

## POLICE REPORT

■ A police report, under certain circumstances, can serve as actual notice to a governmental entity under Section 41–4–16(B). *See City of Las Cruces,* 102 N.M. at 27, 690 P.2d at 1021. For a police report to provide actual notice, it must contain information that puts the governmental entity on notice that there is a claim against it. *Id.*

■ The police report relied upon by Plaintiff in this case indicated only that "the guardrail traveled through the front of the vehicle and out the back hatch," and that all three occupants of the vehicle were injured. Nothing in the report expressly states that any of the occupants' injuries were caused by the guardrail or that there was or would be a claim filed against the Department. Moreover, examination of the factors listed in the report as having contributed to the accident do not refer to the guardrail or indicate that the type or manner of construction of the barrier would give rise to litigation by an occupant of the damaged vehicle. *See id.* (award of summary judgment upheld where police report contained no information to inform city traffic department that it was or may be subject to a lawsuit); *Frappier,* 107 N.M. at 65, 752 P.2d at 257 (where police report contained only reference to estimate of damages to vehicle, data held insufficient actual notice that litigation would likely re-

sult from accident). Thus we agree with the trial court that the information contained in the police report was insufficient as a matter of law to provide actual notice of Plaintiff's potential claim against the Department.

## CLAIM OF ORAL NOTICE

■ Plaintiff argues that the conversation between Salas and the police officer at the accident scene the day after the occurrence constitutes a separate and independent basis for establishing actual notice, and that when considered in conjunction with other information available to the Department, this information was sufficient as a matter of law to satisfy the requirement of actual notice.

■ Where Plaintiff seeks to establish compliance with the statutory notice requirement by proof of actual notice, the agency allegedly at fault (in this case the Department), must have actual notice that litigation will likely be the result of the accident. Section 41–4–16(B); *City of Las Cruces,* 102 N.M. at 27, 690 P.2d at 1021. In evaluating whether there has been compliance with the notice requirements of the Tort Claims Act, it is not sufficient to show that some other state governmental agency or employee had actual notice of the accident. *See Dutton,* 113 N.M. at 53, 822 P.2d at 1136 (where virtually every employee was aware of occurrence, but not of likelihood of litigation, such knowledge held insufficient to comply with notice requirement of Section 41–4–16); *Frappier,* 107 N.M. at 65, 752 P.2d at 257 (where both mayor and chief of police were aware of occurrence, but not that litigation might result, or that the plaintiff considered accident to be fault of the defendants, actual notice held not provided); *see also Smith,* 106 N.M. at 371, 743 P.2d at 127 (personal representative's affidavit showing that boat supervisor and park ranger informed of occurrence and likelihood of lawsuit held sufficient to preclude summary judgment).

Here, although the Department's foreman was aware that an accident occurred, and that the accident involved a guardrail, there is nothing to indicate that he was aware that the guardrail caused the injury to the occupants of the vehicle. Nor is there any indication that the foreman was aware that Plain-

tiff would likely bring a claim against the Department as a result of the accident. Thus we agree with the trial court that the foreman's knowledge concerning the occurrence was insufficient to constitute actual notice as required by Section 41–4–16(B).

## SPECIAL KNOWLEDGE OF HAZARD

■ Plaintiff additionally argues that the Department had special knowledge of the hazard created by blunt-edged guardrails and that this information should have alerted it to the fact that the guardrail caused a serious injury, which was likely to result in a claim against the Department. He contends the Department should not be permitted to disclaim actual notice because of the specific nature of the hazard, and thus the Department should have reasonably anticipated his claim. We think this argument also falls short of the mark. Knowledge concerning the potential hazard posed by this type of guardrail is insufficient to enable Plaintiff to withstand the motion for summary judgment, because such knowledge fails to indicate that the guardrail caused an injury to Plaintiff or that the injured occupant might sue for damages. *See Dutton,* 113 N.M. at 53, 822 P.2d at 1136.

■ Plaintiff contends that all of the factors together—receipt of the police report, the discussion of the Department's maintenance foreman with the police officer the day after the accident, and the knowledge that blunt-end guardrails are hazardous—demonstrate that the evidence is sufficient as a matter of law to establish actual notice. We disagree. Even when these factors are considered jointly, there is no evidence that the Department had notice that this particular accident was likely to result in litigation against the Department or that Plaintiff considered the accident to be the Department's fault. *See Frappier,* 107 N.M. at 65, 752 P.2d at 257; *see also City of Las Cruces,* 102 N.M. at 27, 690 P.2d at 1021; *Dutton,* 113 N.M. at 53, 822 P.2d at 1136. We thus conclude that, even when the above claims of notice are jointly considered, the factors in combination do not satisfy the requirement of actual notice specified in Section 41–4–16(B).

### CONSTITUTIONALITY OF NOTICE PROVISION

 Plaintiff challenges the constitutionality of the ninety-day notice provision contained in Section 41–4–16 of the Tort Claims Act because it impinges on Plaintiff's right of access to the courts. *See* N.M. Const. art. II, § 18; *Jiron v. Mahlab,* 99 N.M. 425, 426–27, 659 P.2d 311, 312–13 (1983). He argues that the decisions of our Supreme Court in *Trujillo v. City of Albuquerque,* 110 N.M. 621, 798 P.2d 571 (1990), and *Richardson v. Carnegie Library Restaurant, Inc.,* 107 N.M. 688, 763 P.2d 1153 (1988), require application of a strict scrutiny standard of review to determine the constitutionality of cases involving injured persons. We disagree. Both *Trujillo* and *Richardson* are distinguishable from the facts of the instant case because they involved statutory provisions limiting the amount of damages which can be recovered by tort victims in negligence claims brought against the state. In contrast with *Trujillo* and *Richardson,* a third case, *Jaramillo v. State,* 111 N.M. 722, 809 P.2d 636 (Ct.App.), *cert. denied,* 111 N.M. 416, 806 P.2d 65 (1991), involved procedural limitations on the right of access to the courts.

This Court in *Jaramillo* considered the argument that *Trujillo* and *Richardson* required application of a heightened scrutiny analysis to statute of limitations provision of the Tort Claims Act. *Id.* 111 N.M. at 724–25, 809 P.2d at 638–39. After determining that heightened scrutiny was not warranted, *Jaramillo* analyzed the plaintiff's equal protection challenge to the statute of limitations under the rational basis standard and upheld the constitutionality of the statute. *See also Espanola Housing Auth. v. Atencio,* 90 N.M. 787, 789, 568 P.2d 1233, 1235 (1977) (applying rational basis test to constitutional challenge of statute of limitations for tort claims against municipality); *Ferguson v. New Mexico State Highway Comm'n,* 99 N.M. 194, 196–97, 656 P.2d 244, 246–47 (Ct.App.1982) (upholding constitutionality of notice provision of Tort Claims Act), *cert. denied,* 99 N.M. 226, 656 P.2d 889 (1983).

 Plaintiff further argues that there is no substantial relationship between an important governmental interest and the notice provision because there are less restrictive alternatives available. An inquiry into less restrictive alternatives, however, is not necessary when applying the minimal rational basis test for analyzing legislation. *See Richardson,* 107 N.M. at 693, 763 P.2d at 1158 ("When employing the minimal scrutiny test, the courts neither will inquire into the wisdom, policy, or justness of legislation, nor will they substitute their views for that of the legislature, but rather will uphold the statute if any state of facts reasonably can be conceived that will sustain the challenged classification.").

 Procedural limitations on the right to sue for damages touch upon a general right of equal access to the court. *See Jaramillo,* 111 N.M. at 725, 809 P.2d at 639. Time limitations with regard to notice, like a statute of limitations, constitute procedural limitations on the right to sue for damages. *See Tafoya v. Doe,* 100 N.M. 328, 331, 670 P.2d 582, 585 (Ct.App.), *cert. quashed,* 100 N.M. 327, 670 P.2d 581 (1983); *see also Ferguson,* 99 N.M. at 197, 656 P.2d at 247. The constitutional challenge of the time limitations on notice, in the instant case, we conclude, is properly analyzed under a rational basis standard. *Jaramillo,* 111 N.M. at 725–26, 809 P.2d at 639–40. Under the equal protection analysis using a rational basis standard, legislation will only be invalidated on constitutional grounds where the statute is devoid of rational support or serves no legitimate governmental purpose. *See Thompson v. McKinley County,* 112 N.M. 425, 430, 816 P.2d 494, 499 (1991); *see also Day v. Memorial Hosp.,* 844 F.2d 728, 731 (10th Cir.1988).

Both this Court and courts in other jurisdictions have listed certain legislative objectives underlying statutory notice requirements. The purposes are: (1) to allow investigation of a matter while the evidence is fresh; (2) to allow questioning of witnesses; (3) to protect against simulated or aggravated claims; and (4) to allow consideration of whether a claim should be paid or not. *Ferguson,* 99 N.M. at 196, 656 P.2d at 246; *see also Day,* 844 F.2d at 731; *Antonopoulos v. Town of Telluride,* 187 Colo. 392, 532 P.2d

346, 350 (1975) (en banc); *Shoemaker v. Aldmor Management, Inc.*, 249 Ga. 430, 291 S.E.2d 549, 550 (1982); *Reirdon v. Wilburton Bd. of Educ.*, 611 P.2d 239, 240 (Okla.1980); *Budahl v. Gordon & David Assocs.*, 287 N.W.2d 489, 492 (S.D.1980). We believe the rationale applied by the courts in the above cases persuasively indicate that the legislative purposes requiring timely and reasonable notice to a governmental entity of potential claims are rationally related to legitimate governmental interests, and thus such provisions are properly evaluated under a rational basis standard.

As observed by the court in *Day*, statutes requiring the giving of notice to a governmental entity as a condition of filing suit against governmental bodies have been extensively challenged in state courts. *Id.*, 844 F.2d at 730. A majority of states that have considered this issue have upheld such statutes against challenges asserting that notice requirements violate constitutional equal protection provisions. *Id.; see Lewis v. City & County of San Francisco*, 21 Cal.App.3d 339, 98 Cal.Rptr. 407, 408 (Ct.App.1971); *Fritz v. Regents of Univ. of Colo.*, 196 Colo. 335, 586 P.2d 23, 26 (1978) (en banc); *Campbell v. City of Lincoln*, 195 Neb. 703, 240 N.W.2d 339, 344 (1976); *Pausley v. Chaloner*, 54 A.D.2d 131, 388 N.Y.S.2d 35, 37 (1976); *Reirdon*, 611 P.2d at 240; *Riddle v. Cain*, 54 Or.App. 474, 635 P.2d 394, 395–96 (Or.Ct. App.), *review denied*, 292 Or. 334, 644 P.2d 1127 (1981); *Budahl*, 287 N.W.2d at 492. *See generally* Daniel E. Feld, Annotation, *Modern Status of The Law as to Validity of Statutes or Ordinances Requiring Notice of Tort Claim Against Local Governmental Entity*, 59 A.L.R.3d 93 (1974). Thus we hold that the notice provision of Section 41–4–16(B) does not violate Plaintiff's right of equal protection and comes within the canopy of valid legislative action.

Lastly, Plaintiff, citing *Tafoya*, 100 N.M. at 331–32, 670 P.2d at 585–86, suggests that the statutory notice provision may be unconstitutional under certain circumstances posited by him. In *Tafoya* the notice provision was held to violate due process with respect to an infant who was unable to provide notice because of the legal disability under which minors are placed. *Id.* at 332, 670 P.2d at 586. Plaintiff has not presented evidence to show that he was under any legal disability or otherwise unable to comply with the statutory notice provisions within the time limitations prescribed by the statute. Thus Plaintiff has failed to demonstrate the unconstitutionality of the statute as it applies to him. *See Ferguson*, 99 N.M. at 196, 656 P.2d at 246 (plaintiffs must show how their rights are affected by asserted denial of equal protection); *State v. Herrod*, 84 N.M. 418, 420, 504 P.2d 26, 28 (Ct.App.1972) (only persons whose rights have been or are likely to be adversely affected have standing to challenge constitutionality of a statute).

## CONCLUSION

The order of the trial court granting summary judgment in favor of the Department is affirmed. Plaintiff's constitutional challenge to the ninety-day notice time limitation provision of Section 41–4–16(B) is denied.

IT IS SO ORDERED.

APODACA and FLORES, JJ., concur.