878 P.2d 996

**Imogene COLEMAN, Plaintiff–Appellant,**

v.

**UNITED ENGINEERS & CONSTRUCTORS, INC., Defendant–Appellee.**

**No. 21683.**

Supreme Court of New Mexico.

July 18, 1994.

Hanratty Law Firm, Kevin J. Hanratty, Artesia, for appellant.

Modrall, Sperling, Roehl, Harris & Sisk, P.A., J. Douglas Foster, Albuquerque, for appellee.

## OPINION

BACA, Justice.

Plaintiff–Appellant, Imogene Coleman appeals from a trial court order granting summary judgment in favor of Defendant–Appellee, United Engineers and Constructors, Inc. ("United"). In deciding whether the trial court erred in granting summary judgment for United, we address the following issues: (1) Whether intermediate scrutiny should be applied to evaluate the constitutionality of NMSA 1978, Section 37–1–27 (Repl. Pamp.1990), a statute of repose which places a limitation on actions for injuries resulting from "the defective or unsafe condition of a physical improvement to real property"; (2) whether Section 37–1–27 is unconstitutional under the appropriate level of scrutiny; (3) whether the statute applies retroactively to Coleman's claims; and (4) whether Section 37–1–27 violates the principle that a defendant owes a duty of care to a plaintiff if injury to the plaintiff was foreseeable. After reviewing the issues presented, we affirm the trial court order granting summary judgment in favor of United.

### I.

Coleman was employed by Eddy Potash, Incorporated. On May 16, 1990, Coleman was severely injured while on the job when she fell sixty-six feet from a vertical conveyor belt manlift after the manlift's top-limit switch failed to properly stop the device. On January 12, 1993, Coleman brought suit for personal injuries against several corporations involved in the manufacture, sale, distribution, and installation of the conveyor-belt manlift. On February 19, 1993, Coleman filed an amended complaint adding several corporations as defendants, including United, which was the successor corporation of Stearns–Roger Manufacturing Corporation, an original defendant named in Coleman's lawsuit.

United filed a motion to dismiss on April 9, 1993. In its motion, United noted that Coleman sought damages against it for injuries occurring nearly forty-two years after the manlift had been installed. United contended that Coleman's claims against it were absolutely barred by Section 37–1–27, "which required [the] action to be brought within ten years of the date of completion of the [manlift]." Accordingly, United argued that Coleman's complaint failed to state a claim upon which relief could be granted and should be dismissed with prejudice.

In a letter dated July 28, 1993, the trial court informed the parties that it intended to grant United's motion. Because the court considered evidence outside the pleadings, it treated United's motion to dismiss as a motion for summary judgment. The trial court concluded that the manlift was a physical improvement to real property, and that because it was installed in 1948, Coleman's claims against United were barred under the ten-year limitations period of Section 37–1–27. Deferring to this Court's opinion in *Terry v. New Mexico State Highway Comm'n*, 98 N.M. 119, 645 P.2d 1375 (1982), the trial court declined to hold Section 37–1–27 unconstitutional. On August 9, 1993, the trial court entered an order dismissing Coleman's claims against United. From this order, Coleman appeals.

### II.

Coleman challenges the constitutionality of Section 37–1–27. The statute bars actions to recover damages for any injury to property, real or personal, or for injury to the person, or for bodily injury or wrongful death, arising out of the defective or unsafe condition of a physical improvement to real property ... against any person performing or furnishing the construction or the design, planning, supervision, inspec-

tion or administration of construction brought after ten years from the date of substantial completion of such improvement.

Section 37–1–27. The essence of Coleman's argument is that Section 37–1–27, by denying her the right to obtain redress for her injuries, violates her equal protection and due process rights under Article II, Section 18, of the New Mexico Constitution. *See* N.M. Const. art. II, § 18.[1]

■ Coleman acknowledges that this Court upheld the constitutionality of Section 37–1–27 in *Terry*, where we approved of the Court of Appeals' majority opinion in *Howell v. Burk*, 90 N.M. 688, 568 P.2d 214 (Ct.App.), *cert. denied*, 91 N.M. 3, 569 P.2d 413 (1977).[2] *See Terry*, 98 N.M. at 121, 645 P.2d at 1377. *Howell* upheld the constitutionality of NMSA 1953, Section 23–1–26 (Supp.1975), the predecessor of Section 37–1–27, under rational basis scrutiny. *Howell*, 90 N.M. at 692–95, 568 P.2d at 218–21. Notwithstanding the decisions in *Terry* and *Howell*, Coleman argues that *Richardson v. Carnegie Library Restaurant, Inc.*, 107 N.M. 688, 763 P.2d 1153 (1988), and *Trujillo v. City of Albuquerque*, 110 N.M. 621, 798 P.2d 571 (1990), require the application of intermediate scrutiny to determine Section 37–1–27's constitutionality, and that under intermediate scrutiny, Section 37–1–27 is unconstitutional. In *Richardson*, this Court applied intermediate equal protection scrutiny to hold the damage cap provision of the dramshop act, NMSA 1978, § 41–11–1(I) (Repl.Pamp.1989), unconstitutional. 107 N.M. at 699, 763 P.2d at 1164. We noted that neither the right of access to the courts nor the right to full recovery in tort were rights "guaranteed explicitly in our constitution." 107 N.M. at 696, 763 P.2d at 1161. We concluded, however, that the right to full recovery in tort actions, while not a funda-

mental right warranting strict scrutiny, *id.*, was nonetheless a substantial and important individual interest, 107 N.M. at 698, 763 P.2d at 1163. Therefore, we applied intermediate scrutiny to the petitioner's equal protection claims. *Id.* We affirmed the principles of *Richardson* in *Trujillo*, a case that addressed the constitutionality of the damage cap in the Tort Claims Act, NMSA 1978, § 41–4–19(A)(2) (Repl.Pamp.1989). In *Trujillo*, we again concluded that an individual's interest in full recovery of damages, implicitly protected by the right of access to the courts, called for the application of intermediate scrutiny. 110 N.M. at 628, 798 P.2d at 578.

United argues that the limited applicability of *Richardson* and *Trujillo* was recognized by the Court of Appeals in *Jaramillo v. State*, 111 N.M. 722, 809 P.2d 636 (Ct.App.), *cert. denied*, 111 N.M. 416, 806 P.2d 65 (1991). United contends that under *Jaramillo*, a heightened standard of scrutiny should not be applied to assess the constitutionality of a statute of repose. In *Jaramillo*, the Court of Appeals rejected the argument that intermediate scrutiny should be applied to determine whether the Tort Claims Act's statute of limitations, NMSA 1978, Section 41–4–15(A) (Repl.Pamp.1989), violated the plaintiff's equal protection rights. 111 N.M. at 724–25, 809 P.2d at 638–39. In holding that rational basis scrutiny applied, the Court of Appeals distinguished *Richardson* and *Trujillo* as cases involving "a limitation on the potential amount of recovery, rather than a limitation on the time to bring suit." *Id.* at 725, 809 P.2d at 639. Following a careful reading of *Trujillo* and *Richardson*, the Court of Appeals concluded that nothing in either case suggested that "purely procedural matters impinging on the right of access to the courts must be analyzed under … heightened scrutiny." *Id.; see also Powell v.*

1. Article II, Section 18 states that "[n]o person shall be deprived of life, liberty or property without due process of law; nor shall any person be denied equal protection of the laws."

2. *Terry* modified *Howell* in one respect. In *Terry*, we held that "fundamental considerations of due process require that the ten-year limitation [of Section 37–1–27] not be applied to actions accruing within but close to the end of the ten-year period." 98 N.M. at 122, 645 P.2d at 1378.

Instead, a plaintiff whose cause of action accrued within but close to the end of the ten-year statutory period could bring suit within three years of the accident (the limitations period for personal injury and wrongful death actions), so that Section 37–1–27 did not act to deprive a plaintiff of a reasonable time to sue. *See id.* at 122–23, 645 P.2d at 1378–79. The modification that *Terry* made to *Howell* is not relevant in the instant appeal.

*New Mexico State Highway & Transp. Dep't,* 117 N.M. 415, 420, 872 P.2d 388, 393 (Ct.App.1994) (holding that a constitutional challenge to the ninety-day notice provision in the Tort Claims Act is analyzed under rational basis scrutiny because notice provisions, like statutes of limitations, are procedural limitations).

In essence, the parties' contrasting arguments raise the question of whether Section 37–1–27 functions as a limitation on the potential amount of damage recovery, like the damage caps in *Richardson* and *Trujillo,* or as a procedural limitation on the time to bring suit, analogous to the statute of limitations in *Jaramillo.* *Terry* characterized Section 37–1–27 "as partly an abrogation of a cause of action and partly a statute of limitations." 98 N.M. at 121, 645 P.2d at 1377. By describing Section 37–1–27 as abrogating a cause of action, *Terry* suggests that the statute has the effect of nullifying a preexisting cause of action in tort and the corresponding right to recover tort damages. This in turn suggests that Section 37–1–27 acts as the ultimate limitation on the potential amount of recovery, effectively reducing the amount of recovery to zero.

We do not believe that Section 37–1–27 can legitimately be interpreted as limiting the amount of damages that Coleman is entitled to recover. Under Section 37–1–27, Coleman had no preexisting right to recover damages because she had no cause of action at the time she brought suit. Because Coleman never had a right to recover damages in the first place, it defies logic to say that Section 37–1–27 limits or nullifies the amount of damages that she is entitled to recover. Consequently, Coleman's individual interest in full recovery of damages is not implicated, and *Richardson* and *Trujillo* do not apply. We hold that rational basis scrutiny, rather than intermediate scrutiny, applies to assess the constitutionality of Section 37–1–27.

Applying rational basis scrutiny, we hold Section 37–1–27 constitutional for the same reasons outlined in *Terry* and *Howell.* Section 37–1–27 and its predecessor were enacted "to provide a measure of protection against claims arising years after" substantial completion of construction projects.

*Howell,* 90 N.M. at 695, 568 P.2d at 221. This protection was thought necessary in the wake of judicial decisions exposing those involved in the construction industry to greater liability. 90 N.M. at 693, 568 P.2d at 219. One concern was that a lapse of time might occur between substantial completion of an improvement and the filing of a lawsuit. The passage of time might make the preparation of a reasonable defense impossible for those involved in the design, planning, supervision, inspection, or administration of construction of an improvement to real property. *See* 90 N.M. at 694, 568 P.2d at 220. In addition, over time, "[t]he owner or tenant [of the improved real property] may permit unsafe conditions to develop, or use the premises for a purpose for which it was not designed, or make defective alterations [to the improved property] which may appear to be a part of the original construction." *Id.* In applying the rational basis test, we do not question the social or economic policy underlying the statute. *Id.* at 695, 568 P.2d at 221. We conclude that the legislature's objective in enacting Section 37–1–27 was permissible, *id.,* and rationally related to a legitimate governmental interest. *See Richardson,* 107 N.M. at 693, 763 P.2d at 1158 (noting that a statute will only be held unconstitutional under the rational basis test when it "is so devoid of rational support or serves no valid governmental interest, so that it amounts to mere caprice").

Finally, we note that in arguing that Section 37–1–27 violates her equal protection rights, Coleman cites several cases from the minority of jurisdictions that have held various statutes of repose unconstitutional. Many of the cases cited by Coleman, and a good number of cases from other jurisdictions that hold statutes of repose unconstitutional, rely on state constitutional provisions explicitly requiring open access to courts or guaranteeing a right to recover damages. *See Jackson v. Mannesmann Demag Corp.,* 435 So.2d 725, 727–29 (Ala.1983); *Hazine v. Montgomery Elevator Co.,* 176 Ariz. 340, 343–44, 861 P.2d 625, 628–29 (1993) (en banc); *Overland Constr. Co. v. Sirmons,* 369 So.2d 572, 573–75 (Fla.1979); *Heath v. Sears, Roebuck & Co.,* 123 N.H. 512, 464 A.2d 288,

**52**

294–95 (1983); *Kennedy v. Cumberland Eng'g Co.,* 471 A.2d 195, 197–201 (R.I.1984); *Daugaard v. Baltic Coop. Bldg. Supply Ass'n,* 349 N.W.2d 419, 424 (S.D.1984); *Nelson v. Krusen,* 678 S.W.2d 918, 920–23 (Tex. 1984); *Berry v. Beech Aircraft Corp.,* 717 P.2d 670, 674–83 (Utah 1985); *Phillips v. ABC Builders, Inc.,* 611 P.2d 821, 824–31 (Wyo.1980). Unlike these jurisdictions, the New Mexico Constitution does not have an "open courts" provision or a constitutional provision explicitly guaranteeing the preservation of remedies. *See Howell,* 90 N.M. at 695, 568 P.2d at 221. Consequently, we do not find these cases relevant to deciding the constitutionality of Section 37–1–27.

### III.

 Coleman argues that Section 37–1–27 applies retroactively to her case. We agree that " 'New Mexico law presumes a statute to operate prospectively unless a clear intention on the part of the legislature exists to give the statute retroactive effect.' " *Swink v. Fingado,* 115 N.M. 275, 283, 850 P.2d 978, 986 (1993) (quoting *Psomas v. Psomas,* 99 N.M. 606, 609, 661 P.2d 884, 887 (1982), *overruled on other grounds, Walentowski v. Walentowski,* 100 N.M. 484, 487, 672 P.2d 657, 660 (1983)). A retroactive law affects acts, transactions, or occurrences that happened before the law came into effect. *See City of Albuquerque v. State,* 111 N.M. 608, 616, 808 P.2d 58, 66 (Ct.App.1991), *cert. denied,* 113 N.M. 524, 828 P.2d 957 (1992). Because Coleman's claims arose after Section 37–1–27 was enacted, Section 37–1–27 is not applied retroactively in this case.

### IV.

Coleman argues that Section 37–1–27 violates the principle that a defendant owes a duty of care to a plaintiff if injury to the plaintiff was the foreseeable result of the defendant's actions. *See Calkins v. Cox Estates,* 110 N.M. 59, 62, 792 P.2d 36, 39 (1990). We find this argument to be without merit. Section 37–1–27 does not eliminate the duty to exercise reasonable care in the design, construction, planning, or inspection of an improvement in the first place; it merely forecloses suit for redress after ten years

have passed since the substantial completion of an improvement. For the foregoing reasons, the order of the trial court is AFFIRMED.

**IT IS SO ORDERED.**

MONTGOMERY, C.J., and FROST, J., concur.