882 P.2d 11

**Helen SCHIRMER, as surviving dependent widow of Robert Schirmer, Claimant–Appellant,**

v.

**HOMESTAKE MINING COMPANY, Respondent–Appellee.**

No. 21832.

Supreme Court of New Mexico.

Sept. 2, 1994.

The Branch Law Firm, Brian K. Branch, Albuquerque, for appellant.

Gary Fernandez, Grants, for appellee.

Butt, Thornton & Baehr, P.C., Carlos G. Martinez and Emily A. Franke, Albuquerque, for amicus curiae N.M. Defense Lawyers Ass'n.

## OPINION

BACA, Justice.

Claimant–Appellant, Helen Schirmer, appeals from an order of the Workers' Compensation Division of the New Mexico Department of Labor (the "Division") granting summary judgment in favor of Respondent–Appellee, Homestake Mining Company ("Homestake"), under NMSA 1978, Section 52–3–10(C) (Repl.Pamp.1991). On appeal, we address the constitutionality of Section 52–3–10(C), and hold that Section 52–3–10(C) is unconstitutional as it is currently enacted. Consequently, we vacate the Division's order granting summary judgment for Homestake.

### I.

The facts in this case are undisputed. Mr. Schirmer was diagnosed as having lung cancer in August of 1989, and died of the cancer on February 2, 1990. On February 1, 1991, Helen Schirmer filed a claim for workers' compensation benefits with the Division. Mrs. Schirmer sought medical expenses, death benefits, and a lump sum settlement for the death of Mr. Schirmer. Mrs. Schirmer claimed that her husband had "died of lung cancer as a result of exposure to uranium while" working for Homestake.

Homestake filed a motion for summary judgment on January 28, 1992. Homestake noted that Mr. Schirmer's disability and death occurred more than twenty years after he had last worked for Homestake. Consequently, Homestake sought dismissal of Mrs. Schirmer's claim under Section 52–3–10(C), which bars compensation unless disability or death occurs within ten years of the last day of employment with the employer from whom compensation is claimed. The Division concluded that Mrs. Schirmer's claim was barred under Section 52–3–10(C) and filed an order granting Homestake's motion for summary judgment on January 30, 1992. Mrs. Schirmer appealed the Division's order to the

Court of Appeals. The Court of Appeals certified this case to our Court under NMSA 1978, Section 34–5–14(C) (Repl. Pamp.1990) (granting the Supreme Court appellate jurisdiction when the Court of Appeals certifies to the Supreme Court a matter involving a significant question of constitutional law or an issue of substantial public interest).

### II.

Both parties agree that application of Section 52–3–10(C) to Mrs. Schirmer's claim has the effect of barring her claim. The only issue presented on appeal is whether this statute is unconstitutional. Section 52–3–10(C), a provision of the New Mexico Occupational Disease Disablement Law, NMSA 1978, Sections 52–3–1 to –60 (Repl. Pamp. 1991 & Cum.Supp.1993) (the "Act"), states in relevant part that

no compensation shall be paid in ['the case of an employee whose disablement or death is due to occupational exposure to radioactive or fissionable materials'] unless such disablement or death occurs within ten years from the last day upon which the employee actually worked for the employer against whom compensation is claimed.

Mrs. Schirmer argues that this section violates her equal protection and due process rights under the state and federal constitutions by arbitrarily dividing claimants under the Act into two classes: Those individuals who are entitled to compensation because disablement or death occurred within ten years of the last day of employment and those who are denied compensation because death or disablement occurred after ten years from the last date of employment. Mrs. Schirmer contends that *Richardson v. Carnegie Library Restaurant, Inc.,* 107 N.M. 688, 763 P.2d 1153 (1988), and *Trujillo v. City of Albuquerque,* 110 N.M. 621, 798 P.2d 571 (1990), require the application of intermediate scrutiny to determine the constitutionality of Section 52–3–10(C). Mrs. Schirmer argues that the statute is unconstitutional under intermediate scrutiny.

### A.

█ We first address whether we must apply intermediate scrutiny when determin-

ing whether Section 52–3–10(C) is constitutional. We hold that *Richardson* and *Trujillo* do not require the application of intermediate scrutiny to determine the constitutionality of Section 52–3–10(C). This section is a statute of repose. In *Coleman v. United Engineers & Constructors, Inc.*, 118 N.M. 47, 51, 878 P.2d 996, 1000 (1994), an opinion filed recently by this Court, we rejected the argument that *Richardson* and *Trujillo* required the application of intermediate scrutiny when deciding the constitutionality of another statute of repose, NMSA 1978, Section 37–1–27 (Repl.Pamp.1990) (placing a ten-year limitation on actions for injuries resulting from "the defective or unsafe condition of a physical improvement to real property"). Both *Richardson* and *Trujillo* addressed the constitutionality of damage caps, which limited the amount of damages an individual otherwise entitled to recover damages could collect. *See Trujillo*, 110 N.M. at 623–32, 798 P.2d at 573–82 (addressing the constitutionality of NMSA 1978, Section 41–4–19(A)(2) (Repl.Pamp.1986), the Tort Claims Act's damage cap); *Richardson*, 107 N.M. at 699, 763 P.2d at 1164 (holding that NMSA 1978, Section 41–11–1(I) (Repl.Pamp.1986), the damage cap in the Dramshop Act, was unconstitutional). Both cases recognized that an individual's interest in full recovery of damages was sufficiently important to warrant application of intermediate scrutiny when determining the constitutionality of the damage caps. *See Trujillo*, 110 N.M. at 624–28, 798 P.2d at 574–78; *Richardson*, 107 N.M. at 698, 763 P.2d at 1163.

In *Coleman*, we refused to extend the application of *Richardson* and *Trujillo* when determining the constitutionality of Section 37–1–27. We concluded that Section 37–1–27, unlike the damage caps in *Richardson* and *Trujillo*, did not implicate the individual's interest in full recovery of damages because Section 37–1–27, by cutting off the time to sue a person who furnished a physical improvement to real property ten years

after the date of installation, prevented a right to recover damages from arising in the first place. *Coleman*, 118 N.M. at 51, 878 P.2d at 1000. Because the individual did not have a right to recover damages after the ten year limit, we held that it defied "logic to say that Section 37–1–27 limits or nullifies the amount of damages that [an individual] is entitled to recover." *Id.* Consequently, we applied rational basis scrutiny to determine the constitutionality of Section 37–1–27. *Id.; see also Jaramillo v. State*, 111 N.M. 722, 724–25, 809 P.2d 636, 638–39 (Ct.App.) (rejecting an expansive application of *Richardson* and *Trujillo* and holding that rational basis scrutiny applied to determine the constitutionality of the Tort Claims Act's statute of limitations, NMSA 1978, Section 41–4–15(A) (Repl.Pamp.1989)), *cert. denied*, 111 N.M. 416, 806 P.2d 65 (1991); *Powell v. New Mexico State Highway & Transp. Dep't*, 117 N.M. 415, 420, 872 P.2d 388, 393 (Ct.App.) (applying rational basis scrutiny to determine the constitutionality of the ninety-day notice provision of the Tort Claims Act, NMSA 1978, Section 41–4–16(B) (Repl.Pamp.1989)), *cert. denied*, 117 N.M. 524, 873 P.2d 270 (1994).

We apply the rationale of *Coleman* in the instant case. Section 52–3–10(C) prevents an individual from having a right to benefits when death or disablement does not occur within ten years of the individual's last day of employment with the employer from whom benefits are sought. The individual's interest in full recovery of damages, or, in this case, the interest in full recovery of benefits under the Act,[1] is not implicated where the individual, by operation of the statute, has no right to recover benefits in the first place. Because the individual's interest in full recovery is not implicated, rational basis scrutiny applies to determine the constitutionality of Section 52–3–10(C).

**B.**

We next address whether Section 52–3–10(C) is constitutional under the ration-

---

1. For the purposes of this case, we consider the individual's interest in full recovery of benefits under the Act to be equivalent to an individual's interest in full recovery of tort damages because Section 52–3–10(C) is the employee's exclusive remedy in cases such as the instant case. *See*

*Segura v. Molycorp, Inc.*, 97 N.M. 13, 16, 636 P.2d 284, 287 (1981) (holding that "once the [Workers' Compensation] Act provides a remedy, it is exclusive and the employee has no right to bring an action in common-law negligence against his employer").

al basis test. Under rational basis review, a statute must be rationally related to a legitimate legislative purpose. *See Richardson*, 107 N.M. at 694, 763 P.2d at 1159. As the New Mexico Defense Lawyers Association ("Amicus"), writing an amicus curiae brief on behalf of Homestake, points out, the legislature intended that laws administered by the Division "assure the quick and efficient delivery of indemnity and medical benefits to injured and disabled workers" while at the same time maintaining "reasonable cost[s] to the employers." NMSA 1978, Section 52–5–1 (Repl. Pamp.1991). We hold that the legislative goal of maintaining reasonable costs to employers is a legitimate legislative goal and that the time limit prescribed by Section 52–3–10(C) is rationally related to this legislative goal because it lowers employer costs by eliminating all claims arising more than ten years after the last day of employment.

We conclude, however, that Section 52–3–10(C) is unconstitutional notwithstanding its rational relationship to the valid legislative goal of lowering employer costs. Rational basis review requires that the challenged legislative classification be based upon some substantial or real distinction, and not artificial or irrelevant differences. *Richardson*, 107 N.M. at 694, 763 P.2d at 1159 (quoting *Espanola Hous. Auth. v. Atencio*, 90 N.M. 787, 789, 568 P.2d 1233, 1235 (1977)). As Amicus points out, "[e]pidemiologic studies of workers exposed to radiation, including [u]ranium miners, have established a [five to fifteen] year latency period for development of lung cancer from exposure to radiation." As noted by the Ohio Supreme Court in a similar case, because available medical knowledge shows that workers exposed to radiation can develop lung cancer "beyond the magical [ten-year], post-exposure period," the ten-year limitation for bringing such claims is arbitrary and not based on substantial or real distinctions. *See Caruso v. Aluminum Co. of Am.*, 15 Ohio St.3d 306, 473 N.E.2d 818, 821 (1984) (holding an eight-year limitation period applying to silicosis-related deaths unconstitutional under a variation of the rational basis test); *Stevenson v. Industrial Comm'n*, 190 Colo. 234, 545 P.2d 712, 715–16 (1976) (en banc) (holding a five-year silicon dioxide exposure requirement uncon-

stitutional under the rational basis test). While, Section 52–3–10(C) probably reduces costs to employers by eliminating claims arising after a ten-year latency period, the statute arbitrarily discriminates against a group of claimants that, according to available medical knowledge, may well contract cancer ten to fifteen years after exposure to radiation.

We hold that Section 52–3–10(C) is unconstitutional as it is currently enacted because it abridges the substantive due process rights of claimants contracting the disease ten to fifteen years after radiation exposure. *See Stevenson*, 545 P.2d at 716. In the absence of a constitutionally valid version of Section 52–3–10(C), Mrs. Schirmer may proceed with her claim for compensation under the Act. We vacate the Division's order granting summary judgment for Homestake and remand this case to the Division for proceedings consistent with this opinion.

IT IS SO ORDERED.

RANSOM and FROST, JJ., concur.