298 P.2d 939

**Betty Jean WALL, Administratrix of the Estate of Sterling H. Wall, Deceased, Plaintiff-Appellant,**

**v.**

**Hilton W. GILLETT, Defendant-Appellee.**

No. 6058.

Supreme Court of New Mexico.

June 21, 1956.

Mears & Mears, T. E. Mears, Jr., J. Fred Boone, Portales, for appellant.

Heidel & Swarthout, Lovington, Smith & Smith, Esther L. Smith, Clovis, for appellee.

McGHEE, Justice.

The question for decision is whether the 1953 amendment allowing three years for

the bringing of suit under our wrongful death statute, Laws 1953, ch. 30, § 1, being § 22–20–2, N.M.S.A.1953, effective June 12, 1953, controls in the case of death occurring in 1952 instead of the one-year period theretofore allowed, N.M.Comp.St.1929, § 36–103.

On August 30, 1952, plaintiff's intestate was injured in an automobile accident and was taken to the office of the defendant in this case, who is a doctor and was practicing in Lovington, New Mexico. The complaint alleges death occurred on September 4, 1952, because of the failure of the defendant to diagnose and treat the patient and instead having him put in jail.

Suit was filed on March 9, 1955; a motion to dismiss on the ground the action was barred by the statute of limitations was sustained and the complaint was dismissed with prejudice.

■ The plaintiff (appellant) urges the 1953 amendment protected her cause of action and gave three years from the date of death in which to file suit. Such is the rule under our general limitation statutes, which deal only with remedial procedure; but the limitation provision applicable to actions for wrongful death is not only a limitation on the remedy but also on the right to institute such action, as we have held in Hogsett v. Hanna, 1936, 41 N.M. 22, 63 P. 2d 540; State ex rel. De Moss v. District Court, 1951, 55 N.M. 135, 227 P.2d 937; and Natseway v. Jojola, 1952, 56 N.M. 793, 251 P.2d 274.

This is our first case where a change has been made in the limitation provision of our wrongful death statute and a party has claimed the benefit of the change because of a death occurring prior to the effective date of the amendment.

In an action under the Workmen's Compensation Act brought under circumstances identical with this case, that is, where a change had been made in the time within which suit could be brought, Wilson v. New Mexico Lumber & Timber Co., 1938, 42 N. M. 438, 81 P.2d 61, we held the limitation statute in effect at the time of the injury controlled. The claim was barred under the six months' limitation statute in effect at the time of injury, N.M.Comp.St.1929, § 156–113, but would have been timely made if the 1937 Act, Ch. 92, § 7, had governed.

■ The authorities were thoroughly reviewed in that case by Justice Sadler and it would not serve any useful purpose to repeat them here. The decision is bottomed on the rule that where not only the remedy is involved, but also the right to maintain such action, such an amendment is given only prospective effect. While that case arose under the workmen's compensation act, one of the authorities most relied upon was Bretthauer v. Jacobson, 1910, 79 N.J.L. 223, 75 A. 560, which was in turn an action under the New Jersey wrongful death act, and the limitation statute in the act had been enlarged between the time of death and the filing of the action. There, as here, the suit was filed too late if the act in effect at the time of death controlled,

258

but timely filed if the amendment governed. It was held the limitation in effect at the time of death governed the right to prosecute the action and that the defendant was exempt from all claims after the expiration of the time fixed.

There is nothing in the 1953 amendment which evidences any intention that it should be given retroactive effect. We must, therefore, give it only prospective effect in accordance with the general rule and hold the one-year statute of limitations applicable in this case.

The judgment will be affirmed.

It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and KIKER JJ., concur.