2006-NMCA-089

140 P.3d 550

**Tasheena GRYGORWICZ, Plaintiff–Appellee,**

v.

**Charlie TRUJILLO, Defendant–Appellant.**

**No. 25,317.**

Court of Appeals of New Mexico.

June 13, 2006.

Certiorari Denied, No. 29,897, July 31, 2006.

130

Anthony James Ayala, Albuquerque, NM, for Appellee.

Ray Twohig, P.C., Ray Twohig, Albuquerque, NM, for Appellant.

## OPINION

SUTIN, Judge.

{1} Plaintiff sued Defendant in 2001 for personal injury from sexual abuse by Defendant occurring in 1991 when Plaintiff was nine years old. The applicable statutes of limitations at the time of the abuse were NMSA 1978, § 37–1–8 (1976) (declaring a three-year deadline for filing causes of action for personal injury), and NMSA 1978, § 37–1–10 (1975) (allowing an injured minor until his or her nineteenth birthday to file an action for personal injury). Under these statutes, Plaintiff had until her nineteenth birthday to file her action for personal injury.

{2} In 1993, the Legislature enacted NMSA 1978, § 37–1–30 (1995). This statute created a deadline for filing a civil suit for personal injury from childhood sexual abuse: a person is given until his or her twenty-fourth birthday to bring the action. § 37–1–30(A)(1). Plaintiff filed this case after expiration of the limitation period in Section 37–1–10 but before expiration of the limitation period in Section 37–1–30. The question presented is which limitation period applies. We hold that Section 37–1–30 applies.

## BACKGROUND

{3} Plaintiff was born in December 1981 and was sexually abused by Defendant in 1991. Plaintiff filed this action in 2001, about two months after her nineteenth birthday. Defendant sought summary judgment on the ground that Sections 37–1–8 and 37–1–10 barred Plaintiff's action. Plaintiff argued that Section 37–1–30 applied to her action.

{4} Section 37–1–30(A) reads:

**Action for damages due to childhood sexual abuse; limitation on actions.**

A. An action for damages based on personal injury caused by childhood sexual abuse shall be commenced by a person before the latest of the following dates:

(1) the first instant of the person's twenty-fourth birthday; or

(2) three years from the date of the time that a person knew or had reason to know of the childhood sexual abuse and that the childhood sexual abuse resulted in an injury to the person, as established by competent medical or psychological testimony.

Plaintiff argued that under Subpart (A)(2) her action was not barred because psychological injury resulting from the abuse was not discovered until August 2001, after the complaint was filed, when a psychologist who evaluated Plaintiff issued a report regarding her psychological injury.

{5} The district court rejected Plaintiff's Subpart (A)(2) argument, but held that the action could be maintained under Subpart (A)(1). The court found that the Legislature intended Subpart (A)(1) to apply based on the nature of Subpart (A)(2). The court interpreted Subpart (A)(2) as a discovery rule under which the sexual abuse that would normally trigger the statute of limitations would give way to the discovery of psychological injury at a later time, thereby extending the date of the accrual of the cause of action. The court then turned to our only case discussing Section 37–1–30, *Kevin J. v. Sager,* 2000–NMCA–012, 128 N.M. 794, 999 P.2d 1026, interpreting that decision to "implicitly allow[ ] a claim to go forward on an actual event that occurred decades before the passage of the act, if the two prongs of [Section 37–1–30(A)(2) ] are met." Thus, the court concluded that Subpart (A)(2) was intended to apply retroactively to events that occurred before its enactment.

{6} Understanding, however, that the only issue for discussion was the application of Subpart (A)(1) of Section 37–1–30, and not Subpart (A)(2), the court determined that the Legislature would not intend retroactive application of one subpart of the statute (Subpart (A)(2)) and not the other subpart (Subpart (A)(1)). Therefore, according to the district court, the Legislature intended Subpart (A)(1) to apply retroactively, and because Plaintiff's action was filed before her

twenty-fourth birthday, the limitations period had not run.

{7} The case went to trial and Plaintiff recovered damages. On appeal, Defendant asserts that Section 37–1–30 does not apply and that Plaintiff's action was barred under Sections 37–1–8 and 37–1–10. Plaintiff maintains that Subparts (A)(1) and (A)(2) of Section 37–1–30 apply and her action was timely. We hold that Section 37–1–30(A)(1) applies. Because we conclude that Subpart (A)(1) applies, we do not address Plaintiff's argument that Subpart (A)(2) also applies.

## DISCUSSION

{8} We review the question of which statute of limitations applies de novo because the determination requires statutory interpretation. *See Salopek v. Hoffman,* 2005–NMCA–016, ¶ 4, 137 N.M. 47, 107 P.3d 1. In looking at whether Subpart (A)(1) of Section 37–1–30 applies to Plaintiff's action, we look first for legislative intent. *See Wall v. Gillett,* 61 N.M. 256, 258, 298 P.2d 939, 940 (1956); *Wilson v. N.M. Lumber & Timber Co.,* 42 N.M. 438, 440, 81 P.2d 61, 62 (1938). In this case, that endeavor is not helpful because the Legislature has expressed no intent. Further, unlike the district court, we are unable to divine any implied legislative intent from the wording of the statute. And we do not agree with the district court's method of determining legislative intent as to Subpart (A)(1) by looking first at legislative intent as to Subpart (A)(2) any more than we would ascertain legislative intent as to Subpart (A)(2) by looking first to Subpart (A)(1).

{9} Nor does *Kevin J.* offer support, implicit or otherwise, for applying Section 37–1–30 in the present case. Although *Kevin J.* allowed an abuse claim to be pursued, *Kevin J.* did not address the issues of retroactivity or whether Section 37–1–30 should apply as opposed to Sections 37–1–8 and 37–1–10. None of the parties in *Kevin J.* argued that Sections 37–1–8 and 37–1–10 applied to the claim. *Kevin J.,* 2000–NMCA–012, ¶ 18, 128 N.M. 794, 999 P.2d 1026. "[C]ases are not authority for propositions not considered." *Gonzales v. Lopez,* 2002–NMCA–086, ¶ 23, 132 N.M. 558, 52 P.3d 418.

{10} Where legislative guidance is absent, New Mexico cases have resorted to judicially created presumptions in order to determine how a statute should be applied. *Wilson* set a course, stating the general rule to be that "statutes, except those dealing with remedial procedure, are to be construed as prospective rather than retrospective unless there is a clear legislative intention to the contrary." 42 N.M. at 440, 81 P.2d at 62; *see also Wall,* 61 N.M. at 257, 298 P.2d at 940 (acknowledging the exception "under our general limitation statutes, which deal only with remedial procedure"); *Salopek,* 2005–NMCA–016, ¶ 5, 137 N.M. 47, 107 P.3d 1 ("[S]tatutes, except those dealing with remedial procedures, are presumed to operate prospectively."); *Hansman v. Bernalillo County Assessor,* 95 N.M. 697, 701, 625 P.2d 1214, 1218 (Ct.App.1980) (same).

{11} Our Supreme Court has established that ordinary statutes of limitations deal with remedial procedure. In *Wilson* and *Wall,* our Supreme Court addressed the application of newly enacted statutes of limitations where the conduct that was the subject of each action occurred before the statutes were enacted. Both cases recognized that an "ordinary statute of limitations," "general limitation statutes," and statutes of limitations that are mere "regulation[s] of procedure," "limitation[s] of the remedy," or dealing only with "remedial procedure," were statutes relating to practice and procedure that generally apply to actions filed after their effective dates even if the events giving rise to the actions occurred prior to their effective dates. *Wall,* 61 N.M. at 257, 298 P.2d at 940; *Wilson,* 42 N.M. at 441–42, 81 P.2d at 63–64.

{12} The holdings in *Wilson* and *Wall,* however, were that the statutes of limitations at issue could not be applied to those cases because the statutes were contained in statutory schemes that created the rights of action they limited. In *Wilson,* the statute established a limitations period for a right of action under New Mexico's workers' compensation statutes, and in *Wall,* the statute established a limitation period for a right of action under New Mexico's wrongful death statutes. *Wilson,* 42 N.M. at 440, 81 P.2d at

62; *Wall,* 61 N.M. at 256–57, 298 P.2d at 940–41. The statutes could not be considered remedial or procedural because, as variously characterized by our Supreme Court, they constituted a limitation on the liability created by the statute, "a condition annexed to the enjoyment of the right" in a statute, a "change affecting substantive rights," and a "limitation upon the right" to bring an action under a statute. *Wilson,* 42 N.M. at 441, 442, 81 P.2d at 63, 64; *see Wall,* 61 N.M. at 257, 298 P.2d at 940.

{13} Both Plaintiff and Defendant read the case of *Coleman v. United Engineers & Constructors, Inc.,* 118 N.M. 47, 878 P.2d 996 (1994), as though it is applicable. *Coleman* involved application of a ten-year statute of repose governing limitations on actions based on a defective or unsafe condition of a physical improvement to real property. *Id.* at 49, 878 P.2d at 998. The statute of repose was enacted in 1967. *See* 1967 N.M. Laws ch. 193, § 1. The plaintiff filed her action against the defendant in 1993 based on an injury she received in 1990 when she fell off a manlift after the equipment's stop switch failed. *Coleman,* 118 N.M. at 49, 878 P.2d at 998. The district court held that the plaintiff's 1993 claim for personal injury was barred by the statute of repose because the manlift was installed in 1948. *See id.*

{14} Nothing in *Coleman* is contrary to our analyses in the present case. In *Coleman,* our Supreme Court stated: "We agree that New Mexico law presumes a statute to operate prospectively unless a clear intention on the part of the legislature exists to give the statute retroactive effect." 118 N.M. at 52, 878 P.2d at 1001 (internal quotation marks and citation omitted). This statement was made in the context of the plaintiff's argument that the district court applied the statute of repose retroactively because it was cutting off a cause of action that arose when the manlift was installed in 1948, well before the statute was enacted in 1967. *Id.* But the claim did not arise in 1948 with the installation of the manlift; the claim arose in 1990 when the plaintiff was injured as a result of the manlift's malfunction. *See id.* ("Because Coleman's claims arose after Section 37–1–27 was enacted, Section 37–1–27 is not applied

retroactively in this case."). The Supreme Court affirmed the district court, ruling in effect that the law governing whether the plaintiff's claim was barred was the law in effect when her claim arose.

{15} Unlike what we must address in the present case, *Coleman* did not address whether a statute of limitations or repose should be applied to a particular case when one statute was in effect at the time a cause of action arose but another, different statute, was in effect at the time the cause of action was filed. *Coleman* did not reach the issue whether the statute of repose applied retroactively because, in *Coleman,* both the injury and the cause of action occurred after the new statute of repose was enacted. In the present case, the injury and cause of action arose before the new statute was enacted. Thus, *Coleman* simply does not address the issue before us and it offers no guidance on the issue with which we are presented. *See Gonzales,* 2002–NMCA–086, ¶ 23, 132 N.M. 558, 52 P.3d 418 ("[C]ases are not authority for propositions not considered." (internal quotation marks and citation omitted)).

{16} Our Supreme Court's view in *Wall* and *Wilson* regarding the procedural nature of statutes of limitations is in line with other authority. *See, e.g., City of Tucson v. Clear Channel Outdoor, Inc.,* 209 Ariz. 544, 105 P.3d 1163, 1167 (2005) (en banc) ("Arizona courts have traditionally viewed statutes of limitations as procedural for retroactivity purposes."); *Rice v. Louis A. Williams & Assocs.,* 86 S.W.3d 329, 335 (Tex.Ct.App. 2002) (stating that statutes of limitations are procedural and bar the remedy by which a party seeks to enforce substantive rights). Particularly pertinent to the present case is the following language from a Connecticut case dealing with a similar extension of the statute of limitations in child sexual abuse cases:

> Statutes of limitation are generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action.... Therefore, unless specifically tied to a statutory right of action or unless a contrary legislative intent is expressed, the statute

of limitations in effect at the time an action is filed governs the timeliness of the claim. *Roberts v. Caton,* 224 Conn. 483, 619 A.2d 844, 847 (1993) (internal quotation marks and citations omitted).

{17} The inquiries and analyses in *Wilson* and *Wall* are similar to the inquiry required for the application of any newly enacted statute of limitations when the conduct that is the subject of the action occurred before enactment of the statute yet the action is brought after the effective date of the statute. Note the manner in which the Supreme Court of the United States addressed the inquiry in a case involving whether a newly enacted civil rights act would apply to certain conduct:

A statute does not operate "retrospectively" merely because it is applied in a case arising from conduct antedating the statute's enactment, or upsets expectations based in prior law. Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment. The conclusion that a particular rule operates "retroactively" comes at the end of a process of judgment concerning the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event.... [F]amiliar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance.

*Landgraf v. USI Film Prods.,* 511 U.S. 244, 269–70, 114 S.Ct. 1483 (1994) (citations and footnote omitted). In the context of procedural laws, the Court in *Landgraf* also stated that "[b]ecause rules of procedure regulate secondary rather than primary conduct, the fact that a new procedural rule was instituted after the conduct giving rise to the suit does not make application of the rule at trial retroactive." *Id.* at 275, 114 S.Ct. 1483.

{18} Under *Landgraf* a court is to look to the nature of the statute and what the statute governs, including consideration of the extent of the connection of the "relevant past event" with the operation of the new statute. Although decided years before *Landgraf, Wilson* and *Wall* fairly engaged in a *Landgraf* inquiry. In *Wilson* and *Wall,* the statutes of limitations regulated practice, procedure, or remedy in regard to actions. Yet our Supreme Court considered the limitations provisions within the context of the newly enacted statutory schemes creating both a cause of action based on certain conduct (work-related injury; death) and a limitation on that cause of action. In effect, the Court determined that the limitations provisions were primarily connected and attached new legal consequences to the conduct already completed before the statutes were enacted. The Court did not view the limitations provisions as general statutes of limitations, but instead considered them as part and parcel of newly created actions that altered substantive rights.

{19} Unlike *Wilson* and *Wall,* the statute of limitations in the present case does not fall within the class of statutes (such as those in *Wilson* and *Wall* ) that are contained in a statutory scheme that creates the cause of action limited by the statute of limitations. While Section 37–1–30 defines childhood sexual abuse in terms of violations of certain criminal statutes, we do not view the statute as a self-contained statute that converts a non-statutory, common law cause of action into a statutory cause of action and sets out a limitations provision relating to that statutory cause of action.

{20} Nor is the present case one in which the cause of action was already barred by preexisting law before the amendment of the law enlarging the time in which the action may be commenced. *See, e.g., Doe v. Roman Catholic Diocese of Jefferson City,* 862 S.W.2d 338, 341, 342 (Mo.1993) (en banc) (holding that the expiration of the original statutes of limitations before enactment of the new statute created vested rights, substantive in nature, to be free from suit, and indicating that if the new statutes of limitations were enacted prior to the expiration of the original statutes in effect at the time of the conduct, the defendant had no vested right to the original statutes); *Rice,* 86 S.W.3d at 335–36 (stating that "after a cause of action is barred by a statute of limitations, a defendant has a vested right to rely on a statute as a defense if his or her suit is

pending at the time the [new] statute of limitations became effective").

{21} In the present case, Section 37–1–30 was enacted before the expiration of Sections 37–1–8 or 37–1–10 and before the action was filed. Its application would not be retroactive because it did not apply to any vested or substantive right. Section 37–1–30 simply applied to an action that was filed after it was enacted. *See Landgraf*, 511 U.S. at 269–70, 114 S.Ct. 1483; *In re Marriage of Sweeney*, 76 Cal.App.4th 343, 90 Cal.Rptr.2d 298, 300 (Ct.App.1999) (stating that "unless the statute expressly provides to the contrary, any enlargement of a limitation period applies only to matters pending, but not already barred[,]" and it thereby "operates prospectively" (internal quotation marks and citation omitted)); *Mazda Motors of Am., Inc. v. S.C. Henderson & Sons, Inc.*, 364 So.2d 107, 108 (Fla.Dist.Ct.App.1978) ("Before the action is barred by the statute of limitations, the legislature may amend the statute enlarging the period of time within which an action may be brought. This is not retroactive legislation and does not impair a vested right.").

## CONCLUSION

{22} We hold that Section 37–1–30 applies to Plaintiff's action. Thus, Plaintiff's action is not barred. We affirm the district court.

{23} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and CELIA FOY CASTILLO, Judges.