This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37152**

**LORRAINE BROWN,**

Plaintiff-Appellant,

v.

**CYNTHIA GARCIA, Personal Representative,**

Defendant-Appellee,

**IN THE MATTER OF THE ESTATE OF ROBERT R. BROWN, Deceased.**

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Law Office of Benjamin Hancock, P.C.
Benjamin Hancock
Albuquerque, NM

for Appellant

Betzer, Roybal & Eisenberg P.C.
Gary D. Eisenberg
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Plaintiff Lorraine Brown, the surviving spouse of Robert R. Brown (Decedent), claimed the family allowance and personal property allowance from Decedent's estate (the Estate), pursuant to NMSA 1978, Section 45-2-402 (1995) (family allowance) and

NMSA 1978, Section 45-2-403 (2011) (personal property allowance). The district court granted the allowances but reduced them by the value of items of property Plaintiff had already received from the Estate and the amount of income tax paid on Plaintiff's behalf. Arguing that the district court erred by reducing the amount of the allowances, Plaintiff appeals. We affirm.

**BACKGROUND**

**{2}**     Decedent died on January 25, 2017. After her husband died, Plaintiff filed a notice of claim against the Estate for "the payment of the statutory Family Allowance and statutory Personal Property Allowance in the total amount of $45,000" in the Sandoval County probate court. Plaintiff requested "that the money owed to [Plaintiff] be paid to [Plaintiff] from [the] Estate . . . prior to the payment of any other claims or expenses, as said allowances enjoy priority over all other claims." The personal representative of the Estate, Cynthia Garcia (Defendant), Decedent's daughter, denied Plaintiff's claim. Upon Plaintiff's petition, the matter was transferred from probate court to district court. Plaintiff's petition sought both to transfer the matter and to enforce Plaintiff's claim for the statutory allowances. In response to Plaintiff's petition, Defendant moved the district court to disallow the claim because Plaintiff had already received property and tax benefits from the Estate in excess of the statutory allowances. Plaintiff's petition was granted and the district court held an evidentiary hearing during which both parties presented evidence and arguments regarding the nature and value of property Plaintiff received from the Estate. At the close of the hearing, the district court granted Plaintiff both the family and personal property allowances but reduced the amount by $17,218. The district court reduced the allowances based on evidence establishing that Plaintiff removed property worth $16,310 from Decedent's home after his death and by finding that the Estate's payment of joint income tax liability provided Plaintiff with a benefit of $908. Plaintiff appeals from the district court's decision.

**DISCUSSION**

**{3}**     Upon a spouse's death, a surviving spouse is entitled to family and personal property allowances pursuant to the Probate Code totaling $45,000, even when, as in this case, the surviving spouse is not entitled to anything further from the Estate. *See* §§ 45-2-402, -403. "The clear policy behind the statutory allowances is to provide a minimum guarantee to the surviving spouse that is insulated from decedent's intent so that a surviving spouse is not left penniless and abandoned." *In re Estate of Salopek*, 2005-NMCA-016, ¶ 10, 137 N.M. 47, 107 P.3d 1. The family allowance of $30,000 "is exempt from and has priority over all claims against the estate" and is "in addition to any share passing to the surviving spouse or minor or dependent children by intestate succession or by the decedent's will, unless otherwise provided by the decedent in the will or other governing instrument." Section 45-2-402. The personal property allowance entitles a surviving spouse to a value "not exceeding fifteen thousand dollars ($15,000) in excess of any security interests therein, in household furniture, automobiles, furnishings, appliances and personal effects." Section 45-2-403.

**{4}** The Probate Code allows distributable assets of a decedent's estate to be satisfied through distributions in-kind such as personal property. NMSA 1978, § 45-3-906 (1993). Under this section of the Code, a family allowance or personal property allowance may be satisfied in-kind provided:

> (a) the person entitled to the payment has not demanded payment in cash;
>
> (b) the property distributed in kind is valued at fair market value as of the date of its distribution; and
>
> (c) no residuary devisee has requested that the asset in question remain a part of the residue of the estate.

Section 45-3-906(A)(2).

**{5}** In this case, the district court granted Plaintiff both the family allowance and the personal property allowance for a total of $45,000 but reduced that amount by $17,218 to $27,782. As stated, the district court's award reflected the value of property and tax benefits Plaintiff had already received from the Estate.

**{6}** On appeal, Plaintiff notes that family and personal property statutory allowances are intended to protect the surviving spouse, have priority over all claims, and thus should be viewed as "sacred." Plaintiff argues that statutory allowances are not subject to offset, therefore the district court's reduction of her award was contrary to established case law. Plaintiff also argues that although Section 45-3-906 may allow an offset as a distribution in-kind, her demand for "money" in her notice of claim is necessarily a demand for cash under Section 45-3-906(A)(2)(a) because the terms "money" and "cash" are interchangeable. Therefore, Plaintiff contends, her allowances cannot be satisfied by an in-kind distribution.

**{7}** In response, Defendant contends that Plaintiff made no such demand for cash to the district court pursuant to Section 45-3-906 and, citing the Uniform Probate Code, notes that in-kind property awards are favored. *See* Unif. Probate Code, § 3-906 cmt. 1 (1969, amended 2019) ("This section establishes a preference for distribution in kind. It directs a personal representative to make distribution in kind whenever feasible and to convert assets to cash only where there is a special reason for doing so.").

**{8}** Based on our review, we agree with Defendant that Plaintiff failed to raise this cash demand to the district court. Therefore, we conclude that Plaintiff failed to preserve this issue. *See In Re Estate of Vigil*, 2012-NMCA-121, ¶ 18, 296 P.3d 1209 ("To preserve an issue for review on appeal, it must appear that [the] appellant fairly invoked a ruling of the [district] court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)). We explain.

**{9}** Proper preservation requires "that a ruling or decision by the district court was fairly invoked." *Reule Sun Corp. v. Valles*, 2010-NMSC-004, ¶ 9, 147 N.M. 512, 226 P.3d 611 (internal quotation marks and citation omitted); *see* Rule 12-321 NMRA. As such, to preserve an issue for review on appeal, "a party must have made a timely and specific objection that apprised the district court of the nature of the claimed error and that allows the district court to make an intelligent ruling thereon." *Gonzales v. Shaw*, 2018-NMCA-059, ¶ 14, 428 P.3d 280 (internal quotation marks and citation omitted). The purpose of preservation is "to ensure that (1) the district court is timely alerted to claimed errors, (2) opposing parties have a fair opportunity to respond, and (3) a sufficient record is created for appellate review." *Progressive Cas. Ins. Co. v. Vigil*, 2018-NMSC-014, ¶ 31, 413 P.3d 850.

**{10}** Plaintiff contends that she preserved this issue—a demand for cash instead of payment in-kind—at the district court hearing and cites a specific page of the hearing transcript in support. However, review of the particular portion of the transcript on which Plaintiff relies contains no reference to a demand for cash pursuant to Section 45-3-906, or a discussion of a cash demand at all. To establish preservation, a "party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue." *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273. Further, upon our own review of the entire record, including the transcript of the hearing, we find no support for Plaintiff's claim that she preserved this argument. Because Plaintiff did not raise this argument in front of the district court, Defendant did not have a chance to respond, the district court was not alerted to Plaintiff's claim of error, and we have no record on this issue to review. *See Progressive*, 2018-NMSC-014, ¶ 31 (listing the purposes of preservation). None of the purposes of preservation were satisfied and Plaintiff has failed to explain why we should consider her argument in absence of preservation.[1] *See Progressive*, 2018-NMSC-014, ¶ 31 (stating that although the appellant did not directly invoke the district court's ruling on admissibility of settlement payments at trial, the issue of admissibility was fairly presented to the district court in pretrial hearings before the evidence was excluded; thus the objectives of the preservation rule were met).

**{11}** Even if we were to consider Plaintiff's unpreserved argument that her demand for $45,000 pursuant to the statutory allowances was essentially a demand for cash, such an argument is undeveloped and unsupported by the authorities on which Plaintiff relies. For instance, Plaintiff cites to cases involving statutes in which "cash" is defined as "money," as well as cases in which cash and money are used as synonyms when describing the facts underpinning criminal charges. *See, e.g.*, *In re Estate of Corwin*,

---

[1] Plaintiff raises a new argument in her reply brief, arguing that the value of the property she received was worth only $600—much less than the value found by the district court. This argument was not raised in the brief in chief and therefore we do not consider it here. *See Wilcox v. N.M. Bd. of Acupuncture & Oriental Med.*, 2012-NMCA-106, ¶ 15, 288 P.3d 902 ("[G]enerally, [this] Court will not consider an argument raised for the first time in a reply brief, unless it is directed to new arguments or authorities presented in the answer brief.").

1987-NMCA-100, ¶¶ 1, 4, 106 N.M. 316, 742 P.2d 528 (interpreting terms regarding reduced compensation to personal representatives under NMSA 1978, Section 45-3-719 (1976, repealed and reenacted by Laws 1995, ch. 10, § 38) defining "cash" as "money or the equivalent" (alteration, internal quotation marks, and citation omitted)); *Montano v. Health & Soc. Servs. Dep't*, 1976-NMCA-027, ¶¶ 5-6, 89 N.M. 103, 547 P.2d 1145 (interpreting an amendment to the Social Security Act, 42 U.S.C. § 1381 (2018), and defining "money payments" as "payments in cash, checks, or warrants immediately redeemable at par, made to the grantee or his legal representative with no restriction imposed by the agency on the use of funds by the individual"); *see also State v. Saiz*, 2017-NMCA-072, ¶ 5, 404 P.3d 422 (using " 'flash roll' of cash" as a synonym for "money" in the background section of a conspiracy to commit trafficking by distribution matter); *State v. Terin S.*, No. 33,258, mem. op. ¶ 5 (N.M. Ct. App. June 3, 2015) (non-precedential) (using "money" as a synonym for "cash" in the description of a larceny matter). In any event, Plaintiff does not develop her argument to address whether the authorities on which she relies apply to the specific circumstances of this case. Nor does Plaintiff explain why the statute at issue, Section 45-3-906, which indicates that in-kind allowances are the general rule with cash being an exception upon a specific demand, does not control in a circumstance where a party seeking allowances has already acquired items of property that would otherwise qualify as in-kind assets. Because Plaintiff's argument is undeveloped and not supported by authority, we decline to address it further. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (explaining appellate courts do not review undeveloped arguments).

**CONCLUSION**

**{12}**    We affirm the district court's award of family and spousal allowances in the amounts determined by the district court.

**{13}    IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JACQUELINE R. MEDINA, Judge**