# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2023-NMCA-065

Filing Date: June 20, 2023

No. A-1-CA-39784

ROBISON MEDICAL RESEARCH
GROUP, LLC,

       Protestant-Appellee,

v.

NEW MEXICO TAXATION &
REVENUE DEPARTMENT,

       Respondent-Appellant,

IN THE MATTER OF THE PROTEST
OF ROBISON MEDICAL RESEARCH
GROUP, LLC TO THE ASSESSMENT
ISSUED UNDER LETTER ID NO.
L0625306288.

APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE
Dee Dee Hoxie, Hearing Officer

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Zachary L. McCormick
Ian W. Bearden
Albuquerque, NM

for Appellee

Raúl Torrez, Attorney General
David Mittle, Special Assistant Attorney General
Santa Fe, NM

for Appellant

## OPINION

**WRAY, Judge.**

**{1}** The Legislature has repeatedly amended NMSA 1978, Section 7-9-93(A) (2004, as amended through 2021). *See also* H.B. 547, 2023 Leg., 56th Sess., § 36 (N.M. 2023).[1] The Statute relates to a tax deduction for the provision of medical services. In the present case, the New Mexico Taxation and Revenue Department (the Department) disputes the hearing officer's determination that taxpayer Robison Medical Resource Group, LLC (Robison), a medical staffing company, is entitled to take the Deduction of gross receipts on behalf of its nurse employees under the previous historical statutes, either NMSA 1978, Section 7-9-93(A) (2007) or NMSA 1978, Section 7-9-93(A) (2016). Based on the circumstances of the present case, we affirm.

## BACKGROUND

**{2}** Because the parties stipulated to the relevant facts as they were set forth in Robison's prehearing statement, we rely primarily on that recitation for the factual background in this case.[2] Between January 31, 2013 and April 30, 2019, Robison had commercial contracts with the Department of Veterans Affairs (the VA) and Indian Health Service (IHS). Under these contracts, Robison's nurse employees would provide health care services for the VA and IHS. In 2020, the Department assessed Robison for unpaid gross receipts taxes for the 2013 through 2019 period (the assessment period). Robison timely filed a written protest and claimed the Deduction for each of the tax years during the assessment period. The parties filed cross-motions for summary judgment.

**{3}** In the summary judgment decision, the hearing officer, based on the parties' stipulations, found that (1) all of Robison's receipts during the assessment period derived from commercial contracts with the VA and IHS, which are managed health care providers;[3] (2) Robison's nurse employees are health care practitioners who

---

1 Because Section 7-9-93(A) has been frequently amended, we refer to it generally as "the Statute" or "Section 7-9-93(A)" and when referring to a particular historical version of the Statute, we cite the section with the associated amended year or the House Bill. We refer to the deduction available under the Statute as "the Deduction."

2 To the extent that the Department now characterizes some of the facts from the prehearing statement as conclusions of law to which the Department did not stipulate, no such caveat was made at the hearing. After the Department agreed that the relevant facts were undisputed, the hearing officer clarified, "There's no objection to my taking those facts from the way that they're detailed in [Robison]'s prehearing statement?" The Department responded, "No objection." We therefore rely on the statement of stipulated facts as set forth in the prehearing statement.

3 Importantly, the Department stipulated to Robison's factual assertions as they were set forth in the prehearing statement, including that the VA and IHS are "managed health care provider[s]." The Department suggests that to enforce that stipulation would be "against good morals or sound public policy." *See Tucson Elec. Power Co. v. N.M. Tax'n & Revenue Dep't*, 2020-NMCA-011, ¶ 10, 456 P.3d 1085. We view the circumstances differently. The Department's explicit "no objection" regarding the assertions in Robison's prehearing statements, "the way that they [were] detailed," led Robison to forgo offering evidence or testimony to prove that IHS and the VA were "managed health care provider[s]" as set forth in Section 7-9-93(C)(5) (requiring that "[m]anaged health care provider[s] . . . provide comprehensive basic health care services to enrollees on a contract basis"). Given these circumstances, we will "look to [the] parties' stipulations with favor," *Tucson Elec. Power Co.*, 2020-NMCA-011, ¶ 10, and will not consider the Department's argument that the VA and IHS were not "managed health care providers" as a matter of law.

provided health care services; and (3) Robison is not a licensed health maintenance organization (HMO), hospital, hospice, nursing home, or a solely outpatient facility or intermediate care facility. These facts, the hearing officer concluded, satisfied the "basic statutory criteria" for the Deduction. The hearing officer also rejected the Department's argument that in *Golden Services Home Health and Hospice v. New Mexico Taxation & Revenue Department* (*Golden Services*), A-1-CA-36987, mem. op. (N.M. Ct. App. Apr. 20, 2020) (nonprecedential), the availability of the Deduction was limited to individual health care practitioners. Instead, the hearing officer determined that 3.2.241.13 NMAC, a regulation accompanying the Statute, permits some corporate entities to claim the Deduction. Because Robison was not an excluded entity under the regulation, the hearing officer determined that Robison was entitled to the Deduction. The Department appeals.

**DISCUSSION**

**{4}** A hearing officer's decision is set aside "only if we find [it] to be (1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law." *Team Specialty Prods., Inc. v. N.M. Tax'n & Revenue Dep't*, 2005-NMCA-020, ¶ 8, 137 N.M. 50, 107 P.3d 4 (internal quotation marks and citation omitted); *accord* NMSA 1978, § 7-1-25(C) (2015). We review de novo questions of law and the application of the law to the facts. *TPL, Inc. v. N.M. Tax'n & Revenue Dep't*, 2003-NMSC-007, ¶ 10, 133 N.M. 447, 64 P.3d 474. The primary issue before us is whether the Statute permits Robison to take the Deduction of gross receipts on behalf of employees who are health care providers.

**{5}** As we have noted, the Statute has been repeatedly amended in recent years. Because one of these amendments took place during the assessment period, in 2016, *see* 2016 N.M. Laws, ch. 3, § 5 (enacting Section 7-9-93(A) (2016)), a question arises as to whether the 2007 or the 2016 version of the Statute applies. The Department maintains that Section 7-9-93(A) (2016) applies to the present case but also contends that Robison is not entitled to the Deduction under any version of the Statute. Robison contends that because the two statutes do not significantly or materially differ, it is entitled to the Deduction regardless of whether we apply Section 7-9-93(A) (2007) or Section 7-9-93(A) (2016). We agree with Robison and explain.

**I.      The Statutory Amendments and Accompanying Regulations**

**{6}** Section 7-9-93(A) (2007) stated as follows, in relevant part: "Receipts *from payments by* a managed health care provider or health care insurer for commercial contract services or medicare part C services *provided by a health care practitioner* that are not otherwise deductible pursuant to another provision of the Gross Receipts and Compensating Tax Act . . . *may be deducted* from gross receipts." (Emphasis added.) The amendment in 2016 changed the arrangement of this provision: "Receipts *of a health care practitioner* for commercial contract services or medicare part C services paid by a managed health care provider or health care insurer *may be deducted* from gross receipts if the services are within the scope of practice of the health care

practitioner providing the service." Section 7-9-93(A) (2016) (emphasis added). The 2021 amendment to the Statute included the receipts of an "association of health care practitioners" in the Deduction. *See* § 7-9-93(A).[4]

**{7}** Since 2006, 3.2.241.13 NMAC has accompanied each iteration of Section 7-9-93(A). The regulation, titled "Receipts of Corporate Practice," provides:

> A corporation, unincorporated business association, or other legal entity may deduct under Section 7-9-93 . . . its receipts from managed health care providers or health care insurers for commercial contract services or medicare part C services *provided on its behalf by health care practitioners who own or are employed by the corporation*, unincorporated business association or other legal entity that is not:
>
> > A.      an organization described by Subsection A of [NMSA 1978,] Section 7-9-29 [(2019)]; or
> >
> > B.      an HMO, hospital, hospice, nursing home, an entity that is solely an outpatient facility or intermediate care facility licensed under the Public Health Act.

3.2.241.13 NMAC (emphasis added). Additionally, 3.2.241.17 NMAC specifically states that "[a]n organization" that is "licensed as a hospital, hospice, nursing home, an entity that is solely an outpatient facility or intermediate care facility under the Public Health Act is not a 'health care practitioner' as defined by Section 7-9-93," and the "[r]eceipts of such an organization are not deductible under Section 7-9-93." With this as context, we consider the application of the Statute and regulations.

## II.      The Statute and Current Regulations Contemplate That Entities May Take the Deduction on Behalf of Health Care Practitioner Employees

**{8}** The question before us is who, under the Statute, may claim the Deduction. The answer, according to the Department, is "individual health care practitioners," based on the Statute's language and the amendments. We first consider the Statute's language, because the primary goal in interpreting the state tax code is "to give effect to the intent of the Legislature," and we evaluate "legislative intent by first looking at the plain meaning of the language of the statute, reading the provisions together to produce a harmonious whole." *See Sacred Garden, Inc. v. N.M. Tax'n & Revenue Dep't*, 2021-NMCA-038, ¶ 5, 495 P.3d 576 (alterations, internal quotation marks, and citation omitted).

**{9}** The plain meanings of the language in all of the versions of the Statute do not identify who can take the Deduction, much less whether the employers of health care practitioners may take the Deduction. The primary difference between Section 7-9-93(A)

---

[4]In the 2023 amendment, the Legislature amended the term "managed health care provider" to "managed care organization." H.B. 547, 2023 Leg., 56th Sess., § 36 (N.M. 2023).

(2007) and Section 7-9-93(A) (2016) is in the initial clause. Section 7-9-93(A) (2007) provides: "Receipts from payments by a managed health care provider or health care insurer for commercial contract services or medicare part C services provided by a health care practitioner . . . may be deducted." The 2016 statute reorders the language as follows: "Receipts of a health care practitioner for commercial contract services or medicare part C services paid by a managed health care provider or health care insurer may be deducted." Section 7-9-93(A) (2016). The 2016 amendment highlighted that the receipts to be deducted must be the receipts of a health care practitioner. *See Golden Services*, A-1-CA-36987, mem. op. ¶ 24. But both the 2007 and 2016 versions of the Statute (as well as the later 2021 and 2023 versions) use the passive voice—the receipts *may be* deducted—and do not directly answer the question of "*who* is entitled to claim the [D]eduction." *See Golden Services*, A-1-CA-36987, mem. op. ¶ 14.

{10}  New Mexico courts have repeatedly stated, as the Department notes, that "[t]he right to a deduction must be clearly and unambiguously expressed in the statute." *TPL, Inc.*, 2003-NMSC-007, ¶ 9. A plain reading of all versions of the Statute, however, results in *no one* being "clearly and unambiguously" entitled to the Deduction. *See id.* Because we reject the proposition that the Legislature created a tax deduction that could not be claimed by anyone, *see Santa Fe Cnty. Bd. of Cnty. Comm'rs v. Town of Edgewood*, 2004-NMCA-111, ¶¶ 5, 7, 136 N.M. 301, 97 P.3d 633 (declining to interpret a statute to be meaningless and without effect), we must look elsewhere to discern the Legislature's intent. *See Sec. Escrow Corp. v. N.M. Tax'n & Revenue Dep't*, 1988-NMCA-068, ¶¶ 20-21, 107 N.M. 540, 760 P.2d 1306 (requiring that the right to a deduction be "clearly and unambiguously expressed," and to that end, considering a deduction statute "in light of its purpose" and evaluating the Legislature's intent).

{11}  We agree with the Department that the language and history of the Statute support a conclusion that health care practitioners are individuals. *See* § 7-9-93(C)(4) (defining "health care practitioners"); *Golden Services*, A-1-CA-36987, mem. op. ¶¶ 18-26. We do not, however, view this conclusion as dispositive to the question on appeal. As we have explained, the Statute does not identify who may claim the Deduction and for that reason does not limit the Deduction to only individual health care practitioners. Thus, regardless of whether "health care practitioners" are individuals, to answer the question on appeal, we still must determine who may claim the Deduction for the receipts of health care practitioners.

{12}  Although the Statute's history and language do not answer this question, the regulations fill the gap. *See* 3.2.241.13 NMAC; 3.2.241.17 NMAC; *see also Kewanee Indus., Inc. v. Reese*, 1993-NMSC-006, ¶¶ 29-32, 114 N.M. 784, 845 P.2d 1238 (considering the regulations to provide "some indication" to discern the type of activity that qualified for a statutory tax exemption). It is clear from the plain language of 3.2.241.13 NMAC that the Deduction may be taken by various entities, and not just by health care practitioners. Under 3.2.241.13 NMAC,

> *A corporation, unincorporated business association, or other legal entity* may deduct under Section 7-9-93 . . . its receipts from managed health

care providers or health care insurers for commercial contract services or medicare part C services provided *on its behalf* by health care practitioners who own *or are employed by* the . . . legal entity.

(Emphasis added.) Both 3.2.41.13 NMAC and 3.2.241.17 NMAC also exclude certain kinds of health care facilities from taking the Deduction. *See* 3.2.241.13 NMAC; 3.2.241.17 NMAC. The Department urges us to reject its own regulation and maintains that 3.2.241.13 NMAC impermissibly expands the definition of a health care practitioner and as a result, is a nullity. Instead we employ the presumption that regulations are a proper implementation of the provisions of laws. *See* NMSA 1978, § 9-11-6.2(B)(1), (G) (2015) ("Any regulation, ruling, instruction or order issued by the secretary or delegate of the secretary is presumed to be a proper implementation of the provisions of the laws that are charged to the department."); *Chevron U.S.A., Inc. v. State ex rel. Tax'n & Revenue Dep't*, 2006-NMCA-050, ¶ 16, 134 N.M. 498, 134 P.3d 785 ("Agency regulations that interpret statutes and are promulgated under statutory authority are presumed proper, and, of course, it is hornbook law that an interpretation of a statute by the agency charged with its administration is to be given substantial weight." (alteration, internal quotation marks, and citation omitted)). Regulation 3.2.241.13 NMAC does not transform a nonexcluded entity into an included health care practitioner, but instead permits a nonexcluded entity to take the Deduction for services performed on its behalf by a health care practitioner-employee. We conclude that the regulation permits an employer entity to take the Deduction on behalf of an employee, provided that the entity is not otherwise excluded and the remaining requirements under the Statute are satisfied. The parties stipulated that Robison is not an excluded health care facility under 3.2.241.13 NMAC and 3.2.241.17 NMAC. As the employer of nurse health care practitioners, under 3.2.241.13 NMAC, Robison would be entitled to the Deduction for its receipts for services provided on its behalf by nurse employees—so long as the other requirements under the Statute are met.

**{13}**    The Department argues that 3.2.241.13 NMAC is inconsistent with Section 7-9-93(A) (2016), because the regulation allows the employer entity to deduct "*its* receipts," 3.2.241.13 NMAC (emphasis added), while the Statute refers to "[r]eceipts of a health care practitioner." We disagree. The Department contends that the 2021 amendment to the Statute would not have been necessary if individual health care practitioners who collected receipts under the name of an entity were previously permitted to take the Deduction. The 2021 amendment permitted the Deduction for the receipts of certain associations of health care practitioners, defined as "corporation[s], unincorporated business entit[ies,] or other legal entit[ies] organized by, owned by or employing one or more health care practitioners." Section 7-9-93(A), (C)(1). Under the Department's literal reading of "receipts of a health care practitioner," prior to 2021, receipts must belong to the health care practitioner and not an entity. As a result, even an individual health care practitioner could not have taken the Deduction under Section 7-9-93(A) (2016) if they collected receipts under the name of an entity. We agree with Robison that the 2021 amendment "merely clarified what [the Department] had already been doing and the way it was already construing the [S]tatute." *See Resol. Tr. Corp. v. Binford*, 1992-NMSC-068, ¶ 22, 114 N.M. 560, 844 P.2d 810 (preferring "to indulge the presumption

that the [L]egislature was aware that the law was not clear" and interpreting "the amendment as a clarification of existing law").

**{14}** We next briefly consider the Department's argument that this Court's memorandum opinion in *Golden Services* suggests a different result.

### III. This Court's Memorandum Opinion in *Golden Services* is Consistent With Permitting the Deduction Under the Circumstances of the Present Case

**{15}** In *Golden Services*, we considered "whether certain health care facilities [as defined by 3.2.241.13 NMAC]—facilities that provide hospice, rehabilitative, or other such services—[we]re entitled to a deduction from the gross receipts tax for qualifying payments under Section 7-9-93 [(2007)]." *Golden Services*, A-1-CA-36987, mem. op. ¶ 1. This Court defined the term "health care facilities" according to the regulations, as "'an HMO, hospital, hospice, nursing home, an entity that is solely an outpatient facility or intermediate care facility under the Public Health Act.'" *Id.* ¶ 1 n.1 (quoting 3.2.241.13(B) NMAC and 3.2.241.17 NMAC). Although the taxpayer in *Golden Services* challenged the propriety of the regulatory definition, this Court could discern no basis on which to conclude that the regulations "were an improper interpretation of the statute to a degree necessary to override their presumptive[] propriety." *Id.* ¶¶ 20-21. Considering legislative intent and the regulations, this Court determined that the taxpayers, "as health care facilities, and not individual practitioners, [were] not entitled to claim the [D]eduction." *Id.* ¶ 24. The *Golden Services* taxpayer did not argue that it was not an excluded health care facility under 3.2.241.13 NMAC. Thus, this Court in *Golden Services* did not consider whether the regulations permit an entity, apart from the expressly excluded health care facilities, to claim the Deduction on behalf of health care practitioner employees. *See Grygorwicz v. Trujillo*, 2006-NMCA-089, ¶ 9, 140 N.M. 129, 140 P.3d 550 ("Cases are not authority for propositions not considered." (alteration, internal quotation marks, and citation omitted)); *State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361 (noting that a memorandum opinion "does not describe at length the context of the issue decided, context which may be of controlling importance in distinguishing the case from similar ones"). Entitlement to the Deduction is an inherently factual inquiry, and each case must be considered according to the legal requirements and the evidence presented.[5]

---

[5]Along these lines, in the Department's supplemental authority and other memorandum opinions from this Court, the taxpayers either did not factually establish a clear entitlement to the Deduction or persuade that the Deduction was applicable. *See Four Corners Healthcare Corp. v. N.M. Tax'n & Revenue Dep't*, A-1-CA-38869, mem. op. ¶¶ 8, 9, 11, (N.M. Ct. App. Dec. 14, 2022) (nonprecedential) (noting that the taxpayer did not meaningfully distinguish *Golden Services*, establish the statutory requirements, or persuade that a taxpayer entity not excluded by 3.2.241.17 NMAC was necessarily permitted to take the deduction); *Benvenuti v. N.M. Tax'n & Revenue Dep't*, A-1-CA-39641, mem. op. ¶¶ 12-13, (N.M. Ct. App. Dec. 27, 2022) (nonprecedential) (holding in part that an independent contractor doctor did not establish that the staffing agency entity was a managed health care provider); *Protest of Vista Staffing Sols., Inc.*, No. 19.03-027A, 2023 WL 3073181, *30-31 (N.M. Tax'n & Revenue Dep't Apr. 7, 2023) (determining that the taxpayer did not establish the statutory requirements).

**{16}** The Statute and regulations permit nonexcluded entities to take the Deduction and the stipulated facts establish that all of the conditions of the Statute were met. For these reasons, we conclude that the hearing officer's decision in favor of Robison was not arbitrary, capricious, an abuse of discretion, or contrary to law and was supported by the evidence. *See Team Specialty Prods.*, 2005-NMCA-020, ¶ 8.

**CONCLUSION**

**{17}** For the reasons stated herein, we affirm.

**{18}  IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**